Michael E. Florey, Fish & Richardson, Minneapolis, MN, for Plaintiff.

Gerald E. Helget, Nelson R. Capes, Palmatier, Sjoquist & Helget, Minneapolis, MN, for Defendant.

**MINNESOTA MINING AND MANUFAC-TURING COMPANY, Plaintiff,**

v.

**SIGNTECH USA, LTD., Defendant.**

**Civ. No. 4–96–1262.**

United States District Court, D. Minnesota, Fourth Division.

Jan. 22, 1998.

### ORDER

LEBEDOFF, United States Magistrate Judge.

The above-entitled matter came on for hearing before the undersigned Magistrate Judge of District Court on November 18, 1997, on a motion by Defendant Signtech USA, Ltd. (Signtech) to compel discovery and extend the periods for expert rebuttal reports and discovery. The discovery Signtech seeks is Plaintiff Minnesota Mining and Manufacturing Company's (3M) expert reports under Fed.R.Civ.P. 26(a)(2)(B), for the expert witnesses identified in 3M's Rule 26(a)(2)(A) Expert Witness Disclosures.

3M has refused to impose the written report requirement on its six employee experts, asserting that these employee experts—all of whom will testify based on their experience and knowledge gained through their regular employment at 3M—are outside the mandates of Rule 26 and should not be treated as experts who are specially hired for litigation. 3M believes that Signtech should take the depositions of 3M's expert witnesses in lieu of the written reports.

Signtech acknowledges that Fed.R.Civ.P. 26(a)(2)(B) requires a party to produce a

written report prepare and signed by each witness

who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony.

Signtech argues however that to literally construe this Rule, as 3M is doing, is at odds with the purpose of discovery under the Federal Rules, the 1993 Amendments to the Federal Rules, and the specific case law. Signtech points to the Advisory Committee Notes on the 1993 Amendments to the Federal Rules, submitting that they clearly set out a policy of broadened disclosure for expert witnesses. For example, the Advisory Committee Notes on the 1993 Amendments with regard to Rule 26(a) reads:

A major purpose of the revision is to accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information, and **the rule should be applied in a manner to achieve these objectives.** (emphasis added).

And, the Advisory Committee Notes on the 1993 Amendments state the following with regard to Rule 26(a)(2)(B):

The information disclosed under the former rule in answering interrogatories about the "substance" of expert testimony was frequently so sketchy and vague that it rarely dispensed with the need to depose the expert and often was even of little help in preparing for a deposition of the witness.

In addition, Signtech submits that the Advisory Committee Notes on the 1993 Amendments state the following with regard to Rule 26((b)(4)(A):

Revised subdivision (b)(4)(A) authorizes the deposition of expert witnesses. Since deposition of experts required to prepare a written report may be taken only after the report has been served, **the length of the deposition of such experts should be reduced, and in many cases the report may eliminate the need for a deposition.** (emphasis added)

Signtech avers that its construction of Rule 26(a)(2)(B) is supported by the rulings in

several cases, including: *Sylla–Sawdon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 284 (8th Cir.1995) (affirming the purpose of the 1993 amendments to Rule 26 as "the elimination of unfair surprise to the opposing party and the conservation of resources", and commenting on problems with the earlier Rule being of little help in preparing for the deposition of a witness); *Sullivan v. Glock,* 1997 WL 621558 (D.Md.) and *Day v. Consolidated Rail Corp.,* 1996 WL 257654 (S.D.N.Y.1996) (although Rule 26(a)(2)(B) reports are not required from "hybrid" fact/expert witnesses, true expert witnesses must provide such reports). In particular, Signtech directs this Court's attention to *Day v. Consolidated Rail Corp.,* asserting that it contains identical circumstances to the present case.

Indeed, this Court finds the *Day* courts rationale to be instructive and compelling. Wrote the court in *Day:*

The argument about Mr. Heide [that an expert witness report is not required from him] is premised on the undisputed fact that he is an employee of defendant Con Rail.... According to defendant, Mr. Heide's job duties at Con Rail do not regularly involve giving expert testimony and he was not "retained or specially employed to provide expert testimony in this case." Accordingly, defendant argues that it need not provide the information otherwise required for expert witnesses.

[T]he reading proposed by defendant would create a distinction seemingly at odds with the evident purpose of promoting full pre-trial disclosure of expert information. The logic of defendant's position would be to create a category of expert trial witness for whom no written disclosure is required—a result plainly not contemplated by the drafters of the current version of the rules and not justified by any articulated policy. The implausibility of defendant's position on this point is underscored by the language of the relevant Advisory Committee notes both for the current version of the rules and for its predecessor. [quotations omitted].

Although Rule 26(b)(4)(A), governing depositions of experts, appears to imply that some category of experts may be exempt

from the report requirements, that exemption is apparently addressed to experts who are testifying as fact witnesses, although they may also express some expert opinions... In such an instance, we may infer that the reasons for requiring an expert's report are far less compelling and may unfairly burden a non-party who is appearing principally because he or she witnessed certain events relevant to the lawsuit.

In a case such as this, in which it appears that the witness in question ... although employed by the defendant, is being called solely or principally to offer expert testimony, there is little justification for construing the rules as excusing the report requirement. Since his duties do not normally involve giving expert testimony, he may fairly be viewed as having been "retained" or "specially employed" for that purpose.

*Id.*

As Signtech points out, 3M's disclosed witnesses will be testifying as experts, not as fact or hybrid fact/expert witnesses. (*See* Plaintiff's Rule 26(a)(2)(A) Expert Disclosures, attached as Exhibit E to Defendant's Memorandum in Support of Motion to Compel Discovery). In addition, 3M has insisted that these witnesses do not have duties which regularly involve giving expert testimony. *See* Letter of October 23, 1997, letter attached as Exhibit D to Defendant's Memorandum. Therefore, argues Signtech, under *Day* these experts must be viewed as "retained" or "specially employed" to give expert testimony, and 3M must provide expert reports.

3M asserts that the *Day* case was wrongly decided and urges this Court not to follow its lead in re-writing the rule.

While there are merits to both arguments, the Court finds the rationale of the *Day* case out of the esteemed Southern District of New York to be highly applicable here. This Court joins in finding that requiring testifying experts to submit written reports is entirely consistent with the spirit of Rule 26(a)(2)(B). It is not only likely that such reports will serve to streamline or even eliminate the necessity for deposition testimony, but they will undoubtedly serve to minimize the element of surprise. Defendant Signtech's motion to compel 3M to provide expert reports under Fed.R.Civ.P. 26(a)(2)(B) for the expert witnesses identified in 3M's Rule 26(a)(2)(A) Expert Witness Disclosures is granted. 3M shall produce and deliver to counsel for Signtech these expert witness reports no later than December 22, 1997.

Defendant Signtech has also moved for an extension of the period for providing its rebuttal reports and for an extension of the discovery schedule. Signtech believes a reasonable extension for it to produce rebuttal reports would be 30 days from the date that 3M provides its Rule 26(a)(2)(B) reports to Signtech. The Court agrees. The date by which Defendant Signtech shall produce rebuttal reports is extended to January 21, 1998.

Finally, Signtech submits that because it cannot take depositions of 3M's experts until the Rule 26(a)(2)(B) reports are provided, the period during which the parties may conduct discovery should be extended. Again, the Court agrees. The period during which the parties may conduct discovery is extended to February 27, 1998; and the date by which all non-dispositive motions must be filed and heard is extended to February 27, 1998. Commensurately, and to avoid an additional motion to extend the pretrial schedule, until further notice all dispositive motions must be noticed, served and filed, in accordance with the local rules adopted by the Court on 11/1/96, prior to March 27, 1998; and this case will considered ready for trial as of July 1, 1998.

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED** that:

1) Defendant Signtech's Motion to Compel Discovery (Doc. No. 21) is **GRANTED** as set forth fully in the body of this Order; and

2) Defendant Signtech's Motion for an Extension of the Pretrial Schedule (Doc. No. 21) is **GRANTED.**

The date by which Defendant Signtech shall produce rebuttal reports is extended to January 21, 1998; The period during

which the parties may conduct discovery is extended to February 27, 1998;

The date by which all non-dispositive motions must be filed and heard is extended to February 27, 1998; Until further notice, all dispositive motions must be noticed, served and filed, in accordance with the local rules adopted by the Court on 11/1/96, prior to March 27, 1998; and

This case will considered ready for trial as of July 1, 1998.