**NAVAJO NATION, Plaintiff,**

**Confederated Tribes and Bands of the Yakama Indian Nation, Plaintiff–Intervenor,**

v.

**James W. NORRIS and Gayle Norris, Defendants.**

No. CY–98–3001–EFS.

United States District Court, E.D. Washington.

Nov. 12, 1999.

Craig J. Dorsay, Law Office of Craig J. Dorsay, Portland, OR, Elizabeth F. Nason, Meredith O. Bruch, Yakama Indian Nation, Office of Legal Counsel, Toppenish, WA, for plaintiffs.

John Vernon Staffan, Yakima County Prosecuting Atty., Civil Department, Yakima, WA, Keith Gerrard, Perkins Coie, Seattle, WA, David A. Thorner, Thorner Kennedy & Gano, William Loren Weigand, Jr., Lyon Weigand & Gustafson PS, Yakima, WA, for defendants.

## ORDER DENYING DEFENDANTS NORRIS' MOTION FOR EXPEDITED HEARING AND DENYING DEFENDANTS NORRIS' MOTION TO STRIKE RULE 26 DISCLOSURE OF EXPERT WITNESSES

SHEA, District Judge.

Before the Court are Defendants James and Gayle Norris' Motion for an Expedited Hearing Pursuant to LR 7.1(h)(6) (Ct. Rec. 168) and Motion to Strike Plaintiff–Intervenor's Rule 26 Disclosure of Expert Witnesses and to Bar Plaintiff–Intervenor's Experts from Testifying (Ct. Rec. 169). The Court has reviewed the motions and supporting documents.

### A. BACKGROUND

The Scheduling Order (Ct. Rec. 95) entered for this matter on May 5, 1999, requires Plaintiffs to have identified their experts and to have provided the Fed.R.Civ.P. ("FRCP") 26(a)(2) reports of those experts to Defendants no later than September 16, 1999. Defendants were to identify their experts and provide those expert's FRCP 26(a)(2) reports to Plaintiffs no later than October 18, 1999. Under FRCP 26(a)(2)(A), a party must disclose the identity of any

person who may be used at trial to testify as an expert.

The Yakama Nation had disclosed the name, title, address and phone number of eight experts to the Norrises on September 16, 1999. However, the Yakama Nation had not disclosed either the opinions to be proffered by these experts nor any other information required by FRCP 26(a)(2)(B). Counsel for the Norrises reportedly unsuccessfully attempted to confer with counsel for the Yakama Nation regarding the production of the FRCP 26(a)(2)(B) reports for these experts. On September 25, 1999, the Norrises filed their Motion to Expedite and their Motion to Strike (Ct. Rec. 182) these eight experts. On October 18, 1999, the Norrises did not identify any experts in their FRCP 26(a)(2)(B) expert disclosures stating that they were unable to do so because of the absence of the expert reports of the Yakama Nation's expert reports.

### B. PLAINTIFF–INTERVENOR YAKAMA NATION'S RESPONSES

The Yakama Nation opposes the Norrises' motions (Ct. Rec. 177), contending no FRCP 26(a)(2)(B) reports were required of its expert witnesses whose identities were disclosed to the Norrises.[1]

Two witnesses, Johnson Meninick and Joanna Meninick, are employees of the Yakama Nation. However, the Yakama Nation notes they are "well-versed in tribal culture and tradition" and would be testifying as private citizens. Because these individuals will be testifying neither as tribal employees nor as retained expert witnesses, they are not required to file FRCP 26 reports.

The remaining three witnesses, Jerry Meninick, Ross Sockzehigh, and Jack Fiander, are Tribal Council members who will testify regarding tribal customs and traditions. However, Yakama Nation asserts that the duties of these Tribal Council members do not involve regularly giving expert testimony in court and therefore, they are not

required to provide FRCP 26(a)(2)(B) reports.

The Norrises reply that the position of the Yakama Nation is inconsistent with the purpose of FRCP 26(a)(2)(B) which is to promote full disclosure of expert information and reduce unfair surprise due to late or incomplete disclosures (Ct. Rec. 180, at 1). They point to the advisory Committee Notes on the 1993 amendments to those rules and cases which interpret the rules. The Norrises also point to the fact that the Yakama Nation responded to a series of interrogatories requesting expert witness testimony promising that the expert information and substance of the expert testimony would be contained in the disclosure of its experts by the Nation on September 16, 1999:

> **INTERROGATORY NO. 9:** Identify each person whom you expect to call as an expert witness at trial?
>
> **ANSWER:** Object, as the Court's Scheduling Order provides for disclosure on September 16, 1999. The information and substance will be provided at that time.
>
> **INTERROGATORY NO. 10:** For each person identified in your answer [sic] the preceding interrogatory, state the subject matter in which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each said opinion.
>
> **ANSWER:** See answer to Interrogatory No. 9. The Norrises complain that the position of the Yakama Nation regarding the FRCP 26(a)(2)(B) reports is inconsistent with its duty to answer these Interrogatories.

### C. DISCUSSION

The Norrises cite several cases as support for their view that the Yakama Nation must provide the FRCP 26(a)(2)(B) reports for each of the five employee experts it identified.

In *Day v. Consolidated Rail Corp.*, No. 95 CIV. 968(PKL), 1996 WL 257654 (S.D.N.Y.

---

1. The Yakama Nation notes that the issue regarding expert witnesses Professor Robert Clinton, Professor Frank Pommersheim, and Dr. Jan Bacon is moot: the Yakama Nation will not use these witnesses for its case-in-chief.

May 15, 1996), the Magistrate Judge had motions from both parties to preclude the other party from calling certain expert witnesses due to the failure to provide expert information as required by FRCP 26(a)(2)(B).

Defendant identified two experts: one who was employed by Defendant and one who was not. Plaintiff objected. Defendant responded that the objections came too late, that the employee-expert did not regularly testify as an expert for Defendant and had not been "retained or specially employed to provide expert testimony in the case" by Defendant. *Id.* at *1. Accordingly, Defendant argued that FRCP 26(a)(2)(B) did not require it to provide a report for such an employee-expert.

The Magistrate Judge believed that Defendant's position on the employee-expert was "at odds with the evident purpose of promoting full pre-trial disclosure of expert information." *Id.* at *2. Further, the Magistrate Judge thought that adoption of Defendant's position regarding the report requirement would result in a special category of experts from whom no report was required, a result not contemplated by the drafters of the rule in his opinion. Calling that position implausible, the Magistrate Judge analyzed both the 1970 and 1993 Advisory Committee Notes to FRCP 26(a) and found that only expert witnesses testifying to facts, e.g. treating physicians, were exempt from the requirement of a report.

Faced with the unrebutted declaration by Defendant that the employee-expert did not regularly testify as an expert for Defendant, the Magistrate Judge declared that the employee-expert "may fairly be viewed as having been 'retained' or 'specially employed' for that purpose." *Id.* at 3. There are, however, no facts in the opinion which support that characterization of Defendant's employee-expert as "retained or specially employed to provide expert testimony in the case." The plain language of the rule conflicted with the Magistrate Judge's perception that the drafters intended to broaden the scope of discovery in the rule; he chose the latter over the former. However, the rule has a specific category of employee experts who must provide a report: those who regularly testify. Given the plain language of this specific category, by implication, those employees who do not regularly testify for the employer but are doing so in a particular case need not provide the report. The Magistrate Judge circumvented this plain language by characterizing the employee-expert as belonging to the other category of experts required to provide a report—those "retained or specially employed to provide expert testimony in the case." By doing so, the Magistrate Judge simply rewrote the rule to say that employee-experts must provide the report required by FRCP 26(a)(2)(B). That is not what the rule explicitly states. It explicitly identifies two categories of experts from whom reports are required; one comprising non-employees of a party especially retained or employed for the particular case and one comprising employees of a party who regularly testify for the employer party.

Adopting the *Day* approach of requiring a report of every employee-expert would admittedly decrease the time and expense of discovering information by the usual methods allowed in the Rules—interrogatories and depositions. Were this court drafting the rule without the usual comment from others as a part of the rule-making process, such an approach would be given consideration. But, having received the comment of others during the rule-making process, the drafters have amended FRCP 26(a)(2)(B) several times over the years. They imposed the report obligation only on the two specific categories of expert witnesses explicitly identified in FRCP 26(a)(2)(B). The Advisory Committee Notes of 1993 state the following:

> The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report. By local rule, order, or written stipulation, the requirement of a written report may be waived for particular ex-

perts *or imposed upon additional persons who will provide opinions under Rule 702.* Fed.R.Civ.P. 26 advisory committee note (1993) (subdivision (a), paragraph (2)) (emphasis added). If the drafters had intended to impose a report obligation on all employee-experts, they could have and would have done so. If a particular District believes such an obligation is wise, it may impose that report requirement on all employee-experts. Absent such a local rule, the plain language of FRCP 26(a)(2)(B) requires the report only of experts in the two explicit categories stated.

As for the other defense expert in *Day,* he was not an employee of Defendant. His report was required and had not been provided. Had Plaintiff timely objected, the Magistrate Judge indicated that his testimony would have been precluded but Plaintiff had not. The result was that both expert witnesses were allowed to testify on condition that Defendant provide FRCP 26(a)(2)(B) reports for both witnesses, make them available for deposition, and pay the cost associated with the taking of those depositions. *See id.* at *3.

In *Minnesota Mining and Manufacturing Co. v. Signtech USA, Ltd.,* 177 F.R.D. 459 (D.Minn.1998), Signtech asked the Magistrate Judge to compel 3M to provide FRCP 26(a)(2)(B) reports for six 3M employee-experts being called by 3M. 3M asserted that the six employee-experts were outside of the scope of the reporting requirement of the rule—presumably because they had not testified regularly for 3M and had not been "retained or specially employed" by 3M for this case. The Magistrate Judge cited the various comments of the Advisory Committee in its Notes on FRCP 26(a) to the effect that the purpose of the revision was to accelerate the exchange of pre-trial information including reports of experts so that the deposition of that expert could be avoided or shortened. *Id.* at 460. Extensively quoting from the *Day* ruling, the Magistrate Judge essentially adopted its reasoning and ordered 3M to produce the FRCP 26(a)(2)(B) reports for Signtech.

Those who drafted FRCP 26(a)(2)(B) could simply have required reports for all employee-experts if that is what they had intended. Neither the *Day* nor the *Minnesota Mining* opinions attempt to explain why they did not. This Court finds that the absence of such an explanation together with the plain language of the rule make those cases unpersuasive as contrary to the plain language of FRCP 26(a)(2)(B).

The plain language of FRCP 26(a)(2)(B) requires this court to deny Norrises' Motion to Strike. It is uncontradicted that none of the five expert-employee witnesses to be called by the Yakama Nation have been regularly used by it as expert witnesses. Further, there is nothing in the record before this court which establishes that any of these five employee experts were "retained or specially employed to provide expert testimony" in this case.

The Yakama Nation need not provide FRCP 26(a)(2)(B) reports for the five experts that they have identified. However, as to each of the five employee experts that the Yakama Nation has identified, it has a duty to supplement its answers to Interrogatories 9 and 10 in a timely fashion. Accordingly,

**IT IS HEREBY ORDERED:**

1. Defendants James and Gayle Norris' Motion for an Expedited Hearing Pursuant to LR 7.1(h)(6) (**Ct. Rec. 168**) is **DENIED.**

2. Defendant James and Gayle Norris' Motion to Strike Plaintiff–Intervenor's Rule 26 Disclosure of Expert Witnesses and to Bar Plaintiff–Intervenor's Experts from Testifying (**Ct. Rec. 169**) is **DENIED.**

3. Plaintiff–Intervenor Yakama Nation shall supplement its answers to Interrogatories 9 and 10 by **December 20, 1999.** Defendants Norris shall have until **January 20, 2000,** to identify their experts, if any, and serve their FRCP 26(a)(2)(B) reports on the other parties. Plaintiff–Intervenor Yakama Nation shall have until **February 7, 2000,** to identify any rebuttal experts and to serve FRCP 26(a)(2)(B) reports of those experts on the other parties.

4. At the time of serving their respective FRCP 26(a)(2) designation and reports, the parties shall also serve a list of dates on which each expert is available to be deposed.

614

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order and provide copies to counsel.