SHARP, W., J.
Johnston appeals a final judgment and order which granted Tueche’s motion for a *1283 directed verdict and increased the damage award on past medical expenses. Tueche and Johnston were involved in a minor motor vehicle accident, caused when Johnston’s vehicle went through a stop sign as she was attempting to light a cigarette. In granting the motion, the judge determined that the jury could not divide or reduce past medical damages. We agree with Johnston that the damage award should not have been increased and reverse.
Prior to this accident, Tueche had received a concussion in a 1983 accident, and had been involved in a very serious motor vehicle accident in 1988. As a result of the 1988 accident, Tueche was suffering from continued physical and medical problems at the time of the accident in this case. After listening to various medical experts and testimony from Tueche’s family concerning the changes in her physical condition after this accident, the jury determined that Johnston’s negligence was a legal cause of Tueche’s injuries, ie., that the accident had aggravated her pre-exist-ing condition. But the jury found that Tueche had not suffered any permanent injury as a result of the accident with Johnston.
Specifically contested at trial was the need for certain expensive medical tests, ordered by Dr. Weiss. Dr. Weiss testified that these tests were necessary, but other medical evidence placed the need for the tests in doubt. Most glaringly, Dr. Weiss had not ordered these tests for Tueche when she came to him for the injuries she had suffered in 1988. The evidence was that Tueche’s medical expenses in this accident were $9,557.00, including the medical tests ordered by Dr. Weiss. However, the jury only awarded her $5,200.00 for past medical expenses.
The jury is the sole judge of factual issues, including damages. George Hunt, Inc. v. Dorsey Young Construction, Inc., 385 So.2d 732 (Fla. 4th DCA 1980). Although a jury may not arbitrarily award zero damages, it may lower a damage award where the evidence is in conflict. Vega v. Travelers Indemnity Co., 520 So.2d 73 (Fla. 3d DCA 1988). See also Easkold v. Rhodes, 614 So.2d 495 (Fla.1993); Williamson v. Superior Ins. Co., 746 So.2d 483, 485 (Fla. 2d DCA 1999). A review of the record in this case reveals that there is competent, substantial evidence to support the lower award. The testimony was in conflict on the amount of medical expenses which were necessary to treat Tueche in relation to this accident, and the jury properly resolved it as an issue of fact. George Hunt, Inc.
We therefore remand to the trial court with directions to reinstate the jury award on past medical expenses. In all other respects, we affirm the final judgment.
AFFIRMED IN PART; REMANDED.
THOMPSON, CJ., and SAWAYA, J., concur.