Dario D. **VASQUEZ,** Plaintiff,

v.

**CITY OF MIAMI BEACH,** et al., Defendants.

Case No. 12–21024–CIV.

United States District Court, S.D. Florida, Miami Division.

Oct. 3, 2012.

Douglas Jason Jeffrey, Law Offices of Douglas J. Jeffrey, P.A., Miami Lakes, FL, Jose A. Fuentes, Fuentes & Berrio, LLP, Derrfield Beach, FL, for Plaintiff.

Robert F. Rosenwald, Jr., City of Miami Beach, Miami Beach, FL, Joshua Michael Entin, Entin & Della Fera, P.A., Ft. Lauderdale, FL, Robert L. Switkes, Candace Diane Cronan, Rosen & Switkes P.L., Miami Beach, FL, for Defendants.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

JOSE E. MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Defendant City of Miami Beach's Motion to Dismiss Plaintiff's Amended Complaint (D.E. No. 39). Defendant City of Miami Beach (the "City") seeks dismissal of Dario Vasquez's ("Plaintiff") Amended Complaint (D.E. No. 29) pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons explained below, this Court denies the City's motion to dismiss.

## I. Background

Plaintiff alleges in his Amended Complaint that on or about February 4, 2008 he was waiting for his pre-arranged transportation on Collins Avenue in Miami Beach, Florida. (D.E. No. 29 at ¶¶ 10, 11). Officer Elmore ("Elmore") arrived prior to Plaintiff leaving. *Id.* at ¶¶ 11. Elmore allegedly accused Plaintiff of public consumption of alcohol and proceeded to arrest Plaintiff for violating the City of Miami Beach Municipal Code Section 70.97. *Id.* at ¶ 12. Plaintiff alleges that he peacefully "agreed to submit to the arrest" and was promptly handcuffed. *Id.* at 13.

Plaintiff states that he entered the police vehicle without "resistance or any confrontation or commotion." *Id.* Plaintiff alleges that at the time of arrest his body did not show any signs of physical abuse or injury. *Id.* at ¶ 14. Plaintiff further alleges that Elmore drove Plaintiff to a secluded alleyway instead of driving directly to the police station. *Id.* at ¶ 15. Plaintiff claims that Elmore took him out of the car while restrained and "savagely beat the Plaintiff with his bare fists about the Plaintiff's face, shoulder, and body, kicking" Plaintiff for over ten minutes. *Id.*

Plaintiff further alleges that there was another Miami Beach police officer at the scene who failed to stop the beating and help Plaintiff. *Id.* at ¶¶ 16–17. After the alleged beating, Elmore took Plaintiff to the Miami Beach Police Station where Plaintiff "showed serious signs of physical altercation about his face and body." *Id.* at ¶ 18. Plaintiff claims he was held in a cell at the Miami Beach Police Station until approximately midnight or 1 a.m. *Id.* Plaintiff was then transferred to a Miami–

Dade County jail cell where he was given a medical injection. *Id.*

After a female guard noticed that Plaintiff needed medical attention, Plaintiff was taken to Jackson Memorial Hospital. *Id.* at ¶ 19. While in the hospital, a police officer allegedly told Plaintiff that the charges against him had been dropped. *Id.* Plaintiff also learned that his face was badly beaten, that he had "three fractured ribs, a ruptured right rotator cuff which required surgery and which was subsequently operated on, and head and neck injuries." *Id.* at ¶ 21. Elmore allegedly stated that the source of Plaintiff's injuries was a fall. *Id.* at ¶ 20. Plaintiff asserts that Elmore's explanation of Plaintiff's injuries was inconsistent with such injuries. *Id.*

Plaintiff filed an Amended Complaint alleging: (i) excessive use of force in violation of 42 U.S.C. § 1983 against Elmore; (ii) excessive use of force in violation of 42 U.S.C. § 1983 against the City; (iii) a claim for battery against Elmore; and (iv) a claim for battery against the City. (D.E. No. 29). Plaintiff's Amended Complaint includes thirty-eight alleged incidents in which Miami Beach police officers used excessive force against suspects, including two incidents involving Elmore. *Id.* at 7–20. Plaintiff alleges that although most of these citizen complaints were investigated by Internal Affairs, these incidents resulted in almost no disciplinary actions against the accused officers. *Id.*

## II. Legal Standard

"When considering a motion to dismiss, all facts set forth in the plaintiff's complaint 'are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto.' " *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir.2000) (quoting *Lopez v. First Union Nat'l Bank of Fla.*, 129 F.3d 1186, 1189 (11th Cir.1997)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Fed.R.Civ.P. 8; *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Thus, a plaintiff is not required to make detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S.Ct. at 1964–65. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Factual allegations must be enough to raise a right to relief above the speculative level . . . "on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965.

## III. Section 1983 Claim Against The City

The City seeks dismissal of Count II of Plaintiff's Amended Complaint under 42 U.S.C. § 1983 for failure to state a cause of action. (D.E. No. 39). This Court finds that Count II sufficiently states a cause of action. In order for a municipality to be held liable under 42 U.S.C. § 1983 for the actions of an employee, the plaintiff must show that "the injury caused was a result of a municipal policy or custom." *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1293 (11th Cir.2009). An action does not need to be official in nature in order to constitute a municipal policy or custom. *St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99

L.Ed.2d 107 (1988). The Eleventh Circuit recognizes that "a longstanding and wide-spread practice is deemed authorized by the policymaking officials because they must have known about it but failed to stop it." *Brown v. City of Fort Lauderdale,* 923 F.2d 1474, 1481 (11th Cir.1991). Therefore, if a city is "aware [of] a pattern of constitutional violations" and fails to "provide adequate training," then it is found to be "deliberately indifferent" and it is liable under 42 U.S.C. § 1983. *Lewis,* 561 F.3d at 1293.

■ In order to bring a claim of deliberate indifference against a city, a plaintiff must be able to point to "other incidents involving similar facts." *Mercado v. City of Orlando,* 407 F.3d 1152, 1162 (11th Cir. 2005). In *Depew v. City of St. Marys,* 787 F.2d 1496 (11th Cir.1986), the plaintiff established a pattern of constitutional violations by presenting four other instances in which the police used excessive force that were not sanctioned by the city. *Depew,* 787 F.2d at 1501. In *Rivas v. Figueroa,* No. 11–23195–Civ, 2012 WL 1378161 (S.D.Fla. April 20, 2012), the plaintiff alleged sixteen instances in which police officers had used excessive force without disciplinary repercussions, and the court found that this was enough, at the pleading stage, to bring a claim against the city for deliberate indifference. *Rivas,* 2012 WL 1378161, at *3.

■ Here, Plaintiff has alleged thirty-eight instances of Fourth Amendment violations by Miami Beach police officers that involved the use of excessive force without official repercussions. (D.E. No. 29 at 7–20). The City alleges that these police actions are not similar enough to Plaintiff's own claim to establish a pattern of deliberate indifference. (D.E. No. 39 at 7–8). However, the court in *Rivas* found that the incidents alleged by a plaintiff do not have to be "precisely identical" to the facts in the plaintiff's case, but must be "similar

enough to make out a claim that [defendant city] has adopted a wide-spread practice of permitting its officers to use excessive force." *Rivas,* 2012 WL 1378161, at *3. Furthermore, while isolated events cannot establish a custom, "several incidents involving the use of unreasonable and excessive force by police officers" can give rise to liability under section 1983. *Depew,* 787 F.2d at 1499. Accordingly, the incidents alleged by Plaintiff are similar enough to allege that the City has adopted a wide-spread practice of permitting officers to use excessive force.

The City also contends that Plaintiff cannot claim deliberate indifference because all of the incidents alleged in the Amended Complaint were investigated by Internal Affairs and inadequate investigations cannot give rise to a claim. (D.E. No. 39 at 10). However, simply investigating claims of constitutional violations without "tak[ing] remedial steps to correct constitutionally offensive acts" can constitute "deliberate indifference or tacit authorization of the offensive acts." *Cannon v. Taylor,* 782 F.2d 947, 951 (11th Cir.1986). This Court finds that Plaintiff has sufficiently alleged police misconduct establishing an unofficial custom of allowing excessive force claims to go unpunished, thus tacitly agreeing to the conduct in question. For the reasons explained above, this Court denies the City's Motion to Dismiss Count II of Plaintiff's Amended Complaint.

## IV. Battery Claim Against The City

The City also seeks dismissal of Count IV of Plaintiff's Amended Complaint under state tort law by invoking Florida's sovereign immunity against state claims. This Court finds that Plaintiff's Amended Complaint does not plead facts that give rise to the City's sovereign immunity protection. Florida Statute section 768.28(9)(a) provides that "[t]he state or its subdivisions

shall not be liable in tort for the acts or omissions of an ... employee ... committed while acting outside the course and scope of ... his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." This Court finds that it is inappropriate to determine from the face of the complaint whether Elmore's actions were made within the scope of his employment with the Miami Beach Police Department and whether he acted in bad faith or with malicious purpose.

■ The City argues that because Elmore took Plaintiff to a dark alley before heading to the police station he "stepped away" from his employment as a police officer and his actions were not within the scope of employment. (D.E. No. 39 at 15). However, the issue of the scope of employment should not be decided at the pleading stage when the facts do not "inherently or necessarily involve those elements which would activate immunity." *Richardson v. City of Pompano Beach,* 511 So.2d 1121, 1124 (Fla. 4th DCA 1987).

■ Additionally, only actions involving abuse of power can result in liability to a supervising institution. *McGhee v. Volusia County,* 679 So.2d 729 (Fla.1996). In *McGhee,* the Florida Supreme Court made a distinction between actions performed "by virtue of office," those in which the employee abuses his power or uses it "contrary to the law of its use, or [uses] it improperly or to excess," and actions performed "by color of office," those in which the employee unlawfully usurps power not vested in him. *Id.* at 731. As such, Elmore's actions could have been within the scope of his employment as a Miami Beach police officer. Here, Elmore's actions—arresting, handcuffing, and taking Plaintiff to the police station—are permitted within the scope of his employment as a Miami Beach police officer. The alleged detour

to the dark alley and beating can be construed as an abuse of the power legally vested in police officers.

The City further argues that taken as true, Plaintiff's allegations establish that Elmore acted with bad faith or with malicious purpose such that the City is protected by sovereign immunity against state tort claims. (D.E. No. 39 at 15). This Court disagrees. In *McGhee,* the Florida Supreme Court held that the issue of whether the employee acted in bad faith or with malicious purpose should be left to a fact-finder. *McGhee,* 679 So.2d at 733. The court in *McGhee* did caution that this holding applied specifically to the facts of that case and that this was not meant to be a general rule to be applied to all cases of city liability. *Id.* However, this Court finds that the facts of this case are sufficiently similar to those in *McGhee* as to deny disposition of the issue of bad faith at the pleading stage. *McGhee,* 679 So.2d at 730 (plaintiff was handcuffed and being booked at the police station when an officer started hitting him, allegedly for saying inflammatory words); *but c.f. Prieto v. Malgor,* 361 F.3d 1313 (11th Cir.2004) (deciding the bad faith issue summarily because "[u]nlike the situation in *McGhee,* where the arrestee was handcuffed, the officers in the present case allege that Prieto posed an immediate threat and was swinging at them with his belt.").

Here, the facts alleged in the Amended Complaint do not suggest that Plaintiff could have been an immediate threat to Elmore. (D.E. No. 29). Plaintiff, similar to the plaintiff in *McGhee,* alleges that he was handcuffed when the alleged attack took place and at this stage, it is unclear whether Elmore acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard for human rights, safety, or property. *Id.* Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that City of Miami Beach's Motion to Dismiss (D.E. No. 39) is **DENIED.** The City of Miami Beach shall file a response to the Amended Complaint on or before **October 12, 2012.**