Carlos COLMAN, Sr., Plaintiff–
Appellant,

v.

HOME DEPOT USA, INC., Publix
Super Markets, Inc., Defendant–
Appellee.

No. 16–15396
Non–Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

August 16, 2017

Annabel C. Majewski, Roy D. Wasson,
Wasson & Associates, Chartered, Gregory
A. Deutch, Anthony Joseph Soto, Ruben-
stein Law, PA, Miami, FL, for Plaintiff-
Appellant.

Edgardo Ferreyra, Jr., Shana P. No-
gues, Heather Marie Calhoon, Dexter Ro-
manez, Luks Santaniello Petrillo & Jones,
LLC, Yamile Tamargo, Mintzer Sarowitz
Zeris Ledva & Meyers, LLP, Terrance
Wayne Anderson, Grayrobinson, PA, Mia-

mi, FL, Daniel J. Santaniello, Luks Santaniello Petrillo & Jones, LLC, Fort Lauderdale, FL, for Defendant–Appellee.

Before JORDAN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

This is a personal injury case arising from a 2011 accident at one of Appellee's stores in which Appellant sustained neck and back injuries after being hit by construction materials. After Appellee removed the case from Florida state court, a jury found that Appellant and Appellee had each been 50% negligent and awarded damages to Appellant, including $90,000 of the $320,000 he sought in past medical fees.[1] Appellant raises two arguments on appeal. First, the district court should have granted a new trial on the basis that it erroneously allowed Appellee's expert to testify after he submitted an untimely supplemental report. Second, the district court should have granted a new trial on damages because there was no evidentiary basis to support the jury's partial award of past medical expenses. We affirm the district court on both issues.

## I. FACTS

Because we write solely for the parties, we offer only a brief overview of pertinent facts. Appellant, Carlos Colman, Sr., went shopping at the Home Depot store at 1245 NE 163rd Street, North Miami, in August of 2011. Appellant's cart was loaded with pieces of composite board and wood for a deck that he was building for his customer, Lowenthal.[2] As Appellant was leaving the store, his cart got stuck in the track of the store's exit door. In the attempt to free the cart, the construction materials hit Appel-lant in the chest, causing him injuries and requiring hospital treatment.

After the accident, Appellant received treatment from several physicians, including two orthopedic surgeons—Dr. Thomas Roush and Dr. Kingsley Chin—who diagnosed him with neck, back and shoulder problems, and performed neck and back surgery.

Appellant brought suit in Florida state court, alleging one count of simple negligence. The case was removed to federal court, and the district court entered a scheduling order listing the discovery cutoff date as November 25, 2015. On November 4, 2015, Appellee disclosed Dr. Rolando Garcia ("Dr. Garcia") as an expert witness. Around the same time—before the close of discovery—Appellee provided Dr. Garcia's initial compulsory medical examination report to Appellant and disclosed that Dr. Garcia would testify about Appellant's medical condition, including "review of all MRI(s), CT SCANS, EMGs, NCVs, tests and scans and x-rays rendered to the [Appellant]."

Trial was set for March 22, 2016. Because Dr. Garcia was unavailable for the trial, Appellee successfully moved to take a video deposition in order to preserve his testimony. On March 14, 2016, Appellee attempted to take Dr. Garcia's video deposition. This attempt was unsuccessful because the videographer did not appear. At the abortive March 14 deposition meeting, Appellee produced a supplemental medical report from Dr. Garcia, dated March 14, in which Dr. Garcia reviewed additional diagnostic films. The video deposition was rescheduled for March 16, 2016. At this rescheduled video deposition, Appellee provided Appellant (for the first time)

---

**1.** Reduced to $45,000 because of Appellant's contributory negligence.

**2.** The parties disagree about who loaded the cart, but this fact is not material to the present appeal.

with a copy of a further supplemental report from Dr. Garcia, dated January 15, 2016.[3]

The January report concerned Dr. Garcia's review of radiological studies that he had not previously had in his possession. The March report concerned Dr. Garcia's review of medical records from Appellant's initial hospital visit and a subsequent hospital visit following a knee injury. All documents reviewed by Dr. Garcia in the two supplemental reports were in Appellant's possession. In both supplemental reports, Dr. Garcia stated that his conclusions remained unchanged and were "further supported" by the additional evidence.

Appellant moved to strike Dr. Garcia's supplemental reports and deposition testimony pursuant to Federal Rule of Civil Procedure 26 on the basis that the reports were produced after the discovery cut-off date. The district court granted the motion as to the supplemental reports, but denied it as to Dr. Garcia's testimony, including that based on the supplemental reports, reasoning that there was no prejudice to Appellant because the reports contained no new or revised expert opinions.

At trial, Appellant submitted evidence of his $320,000 of medical expenses. Appellee introduced Dr. Garcia's videotaped expert testimony that Appellant's injuries were probably not caused by the accident and that his surgeries were not reasonably related to any injuries he had suffered. Appellee also elicited testimony from one of Appellant's customers that long before the

accident he had complained of back and neck problems and worn a back support belt. The jury found Appellee and Appellant each 50% liable. It awarded Appellant $90,000 of the $320,000 he claimed for past medical expenses.[4] Appellant moved for a directed verdict on the past medical damages issue on the basis that it was undisputed that he had incurred $320,000 in past medical expenses. The district court denied this motion. The district court also denied Appellant's motion for a new trial on the basis that Dr. Garcia's testimony was improperly admitted in light of the late disclosure of his supplemental reports.

## II. DISCUSSION

### A. The District Court Correctly Denied the Motion for a New Trial Based on Its Failure to Exclude Garcia's Testimony.

We review a decision to admit or exclude expert testimony based on a failure to comply with Federal Rule of Civil Procedure 26 for abuse of discretion. See Romero v. Drummond Co, Inc., 552 F.3d 1303, 1314 (11th Cir. 2008) (citing Prieto v. Malgor, 361 F.3d 1313, 1317 (11th Cir. 2004)) (reviewing decision to exclude such evidence for abuse of discretion). We review a district court's denial of a motion for a new trial for abuse of discretion. Lamonica v. Safe Hurricane Shutters, Inc., 711 F.3d 1299, 1312 (11th Cir. 2013) (citing St. Luke's Cataract & Laser Inst., P.A. v. Sanderson, 573 F.3d 1186, 1200 n.16 (11th Cir. 2009)).

---

3. Appellee initially alleged that the January 15, 2016 report had been provided to Appellant shortly after being written. However, it later conceded that this report was not provided to Appellant until the March 16, 2016 deposition.

4. The jury also awarded Appellant $47,500 in future medical expenses; and $108,000 for past, and $82,500 for future, pain and suffer-

ing. The total award was $328,000. The district court reduced this award by 50% on account of the jury's comparative negligence finding. The award was further reduced by the amount of Appellee's attorney's fees and costs because it had made an offer of judgment exceeding the eventual net damages award.

Under Rule 26, Appellee was required to provide for Dr. Garcia, an expert witness, "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). A litigant that fails to comply with Rule 26 "without substantial justification" is barred from having its expert testify at trial "unless such failure is harmless." Walter Int'l Prods., Inc. v. Salinas, 650 F.3d 1402, 1410 (11th Cir. 2011) (quoting Prieto, 361 F.3d at 1318 (citations and quotation marks omitted)); see also Fed. R. Civ. P. 37(c)(1). Likewise, a motion for a new trial should not be granted if the error was harmless. See Fed. R. Civ. P. 61; Romero, 552 F.3d at 1324.

We have found that the failure to timely disclose all aspects of an expert's testimony was not prejudicial in circumstances similar to those in the case at bar. See Lakeman v. Otis Elevator Co., 930 F.2d 1547, 1554 (11th Cir. 1991) (holding that the trial court did not abuse its discretion in allowing expert testimony on matters not noticed where the appellant's trial counsel was "well versed" in those matters and "capable of cross-examining [the experts] effectively"); Shelak v. White Motor Co., 581 F.2d 1155, 1159 (5th Cir. 1978) (declining to find prejudice and reversible error when, although the plaintiff failed to notice his use of an expert witness, the defense counsel admitted to knowing that the witness "would likely" be called).[5]

■ To the extent that this case is distinguishable from Lakeman and Shelak, it presents an easier case for affirmance. Here, the supplemental expert reports did not disclose new opinions, but stated that Dr. Garcia's opinion remained unchanged from his timely disclosed report. The new studies relied upon by Dr. Garcia were already in Appellant's possession. Al-though Appellee did not specifically disclose during the discovery period that Dr. Garcia would be relying on the diagnostic films and medical reports that he did rely on in his untimely supplemental reports, it did make a general assertion that Dr. Garcia would be relying on "all ... tests and scans." Appellant's counsel appears to have been knowledgeable about neck and back issues and was able to extract concessions from Dr. Garcia. The district court excluded the supplemental reports and only allowed Dr. Garcia's initial report and testimony to be admitted. Finally, while Dr. Garcia discussed the studies in his testimony, he relied in large part upon the sources disclosed in his initial report. Under these circumstances, we cannot conclude that the district court abused its discretion either in allowing Dr. Garcia to testify or in refusing to order a new trial.

Reese v. Herbert, the principal case relied upon by the Appellant, is easily distinguishable. See 527 F.3d 1253, 1265–66 (11th Cir. 2008). For one thing, we upheld a district court's exclusion of an expert report in Reese, see id. at 1265; the abuse-of-discretion standard cut the other way there. For another, all that the appellant in Reese disclosed during the discovery period was the expert's name. See id. Here, by contrast, as the district court noted, all of Dr. Garcia's opinions were timely disclosed in his initial report; the supplemental reports did very little more than state that he had reviewed further sources and his opinion remained unchanged.

## B. The District Court Correctly Denied the Motion for a Directed Verdict on Damages.

We review a district court's denial of a motion for a new trial with regards to the

---

5. In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding all Fifth Circuit precedent prior to October 1, 1981.

sufficiency of the evidence under an abuse of discretion standard.[6] Walter Int'l Prods., Inc. v. Salinas, 650 F.3d 1402, 1407 (11th Cir. 2011) (citing Sanderson, 573 F.3d at 1200 n.16).

A district court should not order a new trial on evidentiary grounds unless "the verdict is against the clear weight of the evidence . . . or will result in a miscarriage of justice." Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir. 1984) (alteration in original) (quoting U.S. v. Bucon Constr. Co., 430 F.2d 420, 423 (5th Cir. 1970)). We afford a strong presumption of correctness to jury awards. Davis v. Wal–Mart Stores, Inc., 967 F.2d 1563, 1567 (11th Cir. 1992).

Because this case arises under our diversity jurisdiction, state law governs the adequacy of damages. See Davis, 967 F.2d at 1566 (citing Coastal Petroleum Co. v. U.S.S. Agri–Chemicals, 695 F.2d 1314, 1319 (11th Cir. 1983)). The test under Florida law is "whether a jury of reasonable men could have returned th[e] verdict." Id. (quoting Griffis v. Hill, 230 So.2d 143, 145 (Fla. 1969)). "Absent a showing that the verdict was induced by prejudice or passion, a misconception of the law or the evidence, or a failure by the jury to consider all of the elements of damage involved, an appellate court should assume that the jury considered all elements of damage." Id. (quoting Harrison v. Hous. Res. Mgmt., Inc., 588 So.2d 64, 66 (Fla. 1st DCA 1991)).

Under Florida law, a plaintiff may recover the "reasonable value" of his medical expenses resulting from a defendant's negligence. Cooperative Leasing, Inc. v. Johnson, 872 So.2d 956, 958 (Fla. 2d DCA 2004). A plaintiff bears the burden of proving the reasonableness of his medical expenses. Columbia Hosp. (Palm Beaches) Ltd. P'ship v. Hasson, 33 So.3d 148, 150 (Fla. 4th DCA 2010).

Florida courts have repeatedly upheld jury awards of less than the plaintiff's full medical expenses where the jury could reasonably have concluded that some of the plaintiff's injuries were attributable to pre-existing conditions or that some or all of the medical procedures performed were unnecessary. See Johnston v. Tueche, 796 So.2d 1282, 1283 (Fla. 5th DCA 2001) (reversing the trial court's grant of a directed verdict on damages when there was "competent, substantial evidence" to call into question the necessity of medical tests performed after an accident)[7]; Cobb v. City of Miami, 254 So.2d 376, 376 (Fla. 3d DCA 1971) (upholding a jury award of less than full medical expenses where the jury could reasonably have concluded that some of the plaintiff's injuries stemmed from prior accidents).

---

**6.** Appellee argues that an even higher standard of review should apply because of alleged defects in the way that Appellant moved for a directed verdict. We need not address this argument because we uphold the district court's decision under the abuse-of-discretion standard.

**7.** Appellant is incorrect in characterizing Johnston as a case revolving around the presence of a preexisting condition. In Johnston, "the need for certain expensive medical tests" was "[s]pecifically contested at trial." 796 So.2d at 1283. At least in part, the plaintiff's preexisting condition was relevant because the tests had not been ordered after the plaintiff's previous, more serious automobile accident. See id. Regardless, here Appellee did elicit testimony that could have supported the jury's conclusion that some of Appellant's medical expenses were spent on treating conditions that existed before his accident, including Dr. Garcia's testimony that some of the conditions that Appellant was treated for do not ordinarily follow from an accident of the type he suffered and the testimony of Lowenthal (for whom Appellant was building the deck) that Appellant had complained of back pain before the accident.

Appellant's chief argument is that he provided uncontroverted evidence that his past medical bills totaled $320,000.[8] Appellee concedes this fact, but points out that it disputed both the reasonableness of Appellant's medical bills and whether the accident in question was the cause of all Appellant's medical issues. With regard to the reasonableness of Appellant's medical bills, Appellee elicited testimony from his treating physicians that some of his medical problems predated the accident; that the physicians often accept less than they charged for services provided to Appellant; that they commonly perform medical procedures on accident victims in anticipation of litigation; and that one of the physicians was to be paid only if Appellant recovered in this suit. Appellee also elicited testimony from Dr. Garcia that many of Appellant's complaints likely predated the accident and testimony from one of Appellant's customers that he had medical problems predating the accident and that he had been able to continue working in the weeks after the accident.

Appellant argues that the jury verdict should nevertheless be overturned because Dr. Roush and Dr. Chin testified that he had no pre-existing condition. But Appellant mistakes the standard we must apply: we may only overturn the jury's verdict if it is against the clear weight of the evidence. Here, Dr. Garcia and Appellant's customer both testified that he had some neck and back problems preceding the accident. The jury was entitled to rely on their testimony.

■ In sum, there was ample evidence from which the jury could have concluded both that (1) not all of the neck, back and shoulder conditions for which Appellant received medical services were caused by the accident; (2) that some of Appellant's medical procedures were unnecessary; and (3) that some of the bills for Appellant's medical expenses were unreasonable. Given the deference we pay both the jury and the trial court, we cannot overturn the jury's damages award on these facts.

## III.  CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

**AFFIRMED.**

---

8.  The jury's award is not explained by the fact that the jury found Colman 50% negligent. The jury specifically awarded $90,000 in damages for past medical expenses, which the district court then reduced by 50% on account of the jury's comparative negligence finding.