William H. EDWARDS,`
Plaintiff–Appellant,

v.

BOARD OF REGENTS OF the
UNIVERSITY OF GEORGIA,
Defendant–Appellee.

No. 92–8446.

United States Court of Appeals,
Eleventh Circuit.

Sept. 21, 1993.

Jack T. Brinkley, Jr., Columbus, GA, for plaintiff-appellant.

Elaine S. Newell, State of GA Law Dept., Jennifer L. Hackemeyer, Atlanta, GA, for defendant-appellee.

Before EDMONDSON and CARNES, Circuit Judges, and HILL, Senior Circuit Judge.

EDMONDSON, Circuit Judge:

This age discrimination case involves a dispute over the jury's damages award to plaintiff. The district court concluded that the award was factually unsupported or legally inconsistent and granted defendant's motion for a judgment notwithstanding the verdict. We vacate that judgment.

## I. Facts and Background

William Edwards worked as a teacher of Speech and Theatre at Columbus College of the University of Georgia. Edwards claims that, because of his age, his department, in early 1987, allowed him to teach only one class. An older teacher, closer to retirement, was given preferential treatment and allowed to teach two classes, Edwards says. Teachers were paid according to the number of classes they taught. At the time, Edwards was 40 years old and therefore eligible for the legal protection of the Age Discrimination in Employment Act ("ADEA").[1]

After bringing an informal complaint with the department head, Edwards was assigned a second class—though not the one he originally had hoped to teach. Over the next several years, the department removed Edwards as an instructor from other classes and gave him lower percentage raises than other faculty. Edwards attributed these acts to retaliation for his age discrimination complaint, but the Board of Regents of the University of Georgia ("Board") claimed that the

---

1. Edwards' complaint was unusual, in that he claimed the Board was favoring an *older* teacher at his expense. Edwards alleged that the Board's discrimination was animated by a desire to boost the older teacher's salary shortly before

her retirement and thereby guarantee her more retirement benefits (which were based on her earnings in the years immediately before retirement).

acts resulted from Edwards' failure to comply with department procedures and to teach his classes well.

When Edwards invoked the College's grievance procedure, the College's Grievance Committee agreed with the Board on these larger retaliation claims, but unanimously found that there had been "recrimination in petty matters," including the untimely sharing of information with Edwards and a hastily called department meeting to which Edwards was not invited. The Grievance Committee also faulted the school administration for causing an undue delay in Edwards' grievance proceedings.

Edwards sued the Board, charging that the school had violated his rights under ADEA and also that the school had retaliated against Edwards for complaining about this discrimination. After trial and instruction, the jury returned a verdict, which read, in its entirety:

> We, the jury, find for the Plaintiff and award damages for back pay in the amount of $6085.00.
>
> We determine that the Plaintiff is not entitled to be awarded liquidated damages.
>
> This 18th day of March, 1992.

The jury, however, did not specify which of Edwards' claims it found to be meritorious. Defendant did not object to the jury instructions or to the form of the verdict before the jury was discharged.

The district court later granted the Board's motion for judgment notwithstanding the verdict.[2] The district court concluded that there was insufficient evidence to support a finding of actual age discrimination.

The district court went on to consider the possibility that the verdict was based upon the retaliation claim, but concluded that the jury's failure to award liquidated damages meant that no willful act of wrongdoing had occurred and that the jury therefore had not based its award on a finding of retaliation.[3]

Concluding that there was neither discrimination nor retaliation, the court ordered that judgment be entered for defendant.[4]

Edwards seeks reinstatement of the jury's award.

## II. Discussion

In reviewing an order granting a motion for judgment notwithstanding the verdict, the appellate court must view the evidence

> in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion is proper.

*Boeing Co. v. Shipman,* 411 F.2d 365, 374 (5th Cir.1969) (en banc). Questions of law are reviewed *de novo. Id.*

We agree that the record will not, in fact, support a case of age discrimination, even assuming that the ADEA might protect a younger person from an employer's discrimination in favor of an older person on an employment matter. We, however, do not decide the question of whether this kind of reverse discrimination is, as a matter of law, ever covered by the ADEA.

The record will, in fact, support a finding of retaliation. There was, for example, evidence of lower salary increases and lost teaching opportunities following Edwards' complaints about the Board favoring an older teacher in class assignments. Under the circumstances, the jury could have found that these adverse acts were retaliatory.

That the jury did not award liquidated damages for this retaliation possibly may be an error, but it is not an error which harmed defendant or about which defendant can properly complain. In this case, we only look—and, on the motion for a j.n.o.v., the district court only should have looked—at the

---

**2.** Defendant challenged the verdict as factually unsupported or legally inconsistent. Defendant did not claim, however, that the damage amount was excessive, if damages were otherwise justified.

**3.** The district court's order seemed to assume that retaliation would inherently involve a *willful* violation of the ADEA.

**4.** The district court did not rule on the Board's alternative motion for a new trial.

sufficiency of the evidence to support a verdict for plaintiff.

Because there was evidence to support a finding of retaliation and, therefore, to support damages for defendant, any inconsistency in the verdict does not affect the disposition of this appeal. We need not (and do not) reach the question of whether retaliation under the ADEA must always be a willful wrong for which liquidated damages should be awarded.[5] No such damages were awarded against the defendant in this case, but plaintiff has not complained about the lack of liquidated damages.

Defendant notes that Fed.R.Civ.P. 49(b) allows the court to grant a j.n.o.v. "[w]hen the answers [to interrogatories] are consistent with each other but one or more is inconsistent with the general verdict." Defendant suggests that the first jury determination (that plaintiff is entitled to $6085 in damages) is the general verdict and that the second determination (that plaintiff is entitled to no liquidated damages) is the answer to an interrogatory. Because the "general verdict" is inconsistent with the "answer to interrogatory," argues defendant, the district court was free to disregard the former and grant defendant judgment pursuant to the latter, under Fed.R.Civ.P. 49(b).

We disagree. As defined in Fed.R.Civ.P. 49(b), a "written interrogatory" asks a question "upon one or more issues of fact the decision of which is necessary to a verdict." Because the second sentence of the jury's verdict in this case is not a written interrogatory, Fed.R.Civ.P. 49(b) does not apply. *See, generally, Austin–Westshore Construction Co. v. Federated Department Stores, Inc.,* 934 F.2d 1217, 1221–25 (11th Cir.1991) (discussing what count as interrogatories under Fed.R.Civ.P. 49).[6]

The judgment of the district court is VACATED and the case is REMANDED for an entry of judgment in accord with the jury verdict.

HILL, Senior Circuit Judge, dissenting mildly:

I find myself in disagreement with our opinion in this case although the substance of my disagreement has to do with a review of the facts rather than the majority's fine analysis. I find a legal difference with the panel's opinion only because my view of the evidence requires a different legal result.

The appellant, Edwards, recovered a monetary judgment apparently on the basis of his claim that the Board of Regents retaliated against him because he had complained of age discrimination. (As the panel opinion points out, his complaint under the Age Discrimination in Employment Act was that someone *older* than he was given some preference in an assignment!)

Edwards pointed to evidence consisting of some extremely tenuous and slightly disagreeable actions he believed the Board had taken with respect to him after he had made the age discrimination complaint. These were little incidents of little consequence. Had there been a retaliatory impulse motivating the Board, one would expect something more done against his best interests than he was able to identify.

On the other hand, the Board demonstrated that when Edwards assigned a class he had sought to teach, he taught it so poorly that, after complaints by those who had paid

---

**5.** We note, however, that at least one other circuit has concluded that there can be "non-willful" violations of the ADEA that involve "retaliation." *See Grant v. Hazelett Strip-Casting Corp.,* 880 F.2d 1564, 1571 (2nd Cir.1989) (in context of ADEA, "proof of retaliation *may* result in a finding of willfulness, but it need not in every case.").

**6.** *If* there were some other kind of inconsistency in this verdict, it might have supported a new trial, but not a judgment for defendant. *See Burger King Corp. v. Mason,* 710 F.2d 1480, 1489 (11th Cir.1983) (faced with inconsistent and am-

biguous verdict, trial court may resubmit issue to jury or order a new trial). No question of a new trial is addressed in this appeal. Despite Fed.R.Civ.P. 50(c)(1), there was no ruling on the alternate motion for a new trial when j.n.o.v. was granted. Appellee failed to pursue its motion for a new trial with the district court after the grant of j.n.o.v. and failed to argue for a ruling on that motion on this appeal. We are not obliged to remand for such a ruling, and we deem that motion abandoned. *See Henderson v. DeRobertis,* 940 F.2d 1055, 1057 n. 1 (7th Cir.1991) (citing cases).

for the instruction were brought to the attention of the Board, the Board refunded all of the tuition paid by those students for attending Edwards' class.

If there is a difference between a scintilla of evidence and the *substantial* evidence required to support a verdict in the federal courts, *see Lowery v. Sullivan,* 979 F.2d 835, 837 (11th Cir.1992), citing *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) ("Substantial evidence is defined as more than a mere scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"); *see also United States v. Taylor,* 972 F.2d 1247, 1252 (11th Cir.1992), citing *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942) (jury verdict must be sustained if there is substantial evidence to support it), then this case represents a verdict supported by nothing more than a scintilla and not by substantial evidence.

I agree with the district judge. The evidence did not sufficiently support this verdict for it to stand. I would affirm the district court.