[PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-12661

_____

CAJULE CEDANT,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24877

_____

Before JILL PRYOR, NEWSOM, and GRANT, Circuit Judges.

GRANT, Circuit Judge:

Federal Rule of Civil Procedure 26(a)(2) outlines two types of pretrial disclosures for expert witnesses—one lengthy and one more sparing. Without guidance from this Court, district judges have split on when these witnesses must complete more detailed Rule 26(a)(2)(B) written reports instead of the less onerous Rule 26(a)(2)(C) disclosures. Here, the district court said that any expert testifying about causation had to follow Rule 26(a)(2)(B).

That was incorrect. According to the Rule's text, what matters is when and why an expert witness came to the case, not the content of his testimony. Experts who are "retained or specially employed to provide expert testimony" prepare extensive Rule 26(a)(2)(B) reports, while others can submit a Rule 26(a)(2)(C) disclosure. And whether an expert was "retained" hinges on how she formed her relationship with the party she will testify for—not on the content of the testimony. Here, because Cajule Cedant's doctors were initially hired to treat him rather than to testify, he only needed to file the less burdensome disclosures.

But these baselines are subject to change, because Rule 26(a)(2) also empowers district courts and parties to adjust the default rules. While the court could have exercised this discretion and decided that experts testifying about certain topics needed to file written reports, its ruling below was framed as a mandatory application of the Federal Rules.

For that reason, we vacate the order excluding Cedant's experts. On remand, the district court may evaluate his filings under Rule 26(a)(2)(C) as written. Or it may modify those requirements by issuing a new order requesting Rule 26(a)(2)(B) reports for causation witnesses. If so, that decision will be an exercise of the discretion built into Rule 26(a)(2) to adjust its default requirements, which are defined by the relationship between a party and its expert witnesses.

## I.

Cedant sued the United States under the Federal Tort Claims Act, seeking to recover for damages he allegedly suffered in an accident with a U.S. Postal Service truck. Identifying "an analogous state tort cause of action is required for an FTCA cause of action." *Zelaya v. United States*, 781 F.3d 1315, 1325 (11th Cir. 2015). Florida law applies here, and in negligence cases like this one it requires the usual showing of duty, breach, causation, and harm. *See Williams v. Davis*, 974 So. 2d 1052, 1056 (Fla. 2007).

The focus in pretrial litigation was on that third element, causation. Though Cedant incurred post-crash medical expenses for the treatment of various non-visible injuries, the United States insisted that his pain and other medical problems predated the accident. To meet his burden to show that the crash caused his

injuries, Cedant planned to rely on expert testimony from several doctors who treated him after the crash.[1]

The district court's initial scheduling order set a deadline for the parties "to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2)," and communicated substantive instructions governing the exchange of those expert materials. Those instructions included a requirement that "treating physicians offering opinions beyond those arising from treatment" must file a Rule 26(a)(2)(B) report. In support, the order cited *Muzaffarr v. Ross Dress for Less, Inc.*, an unpublished district court opinion asserting that "opinions on causation" categorically require Rule 26(a)(2)(B) reports. *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-Civ, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013).

Cedant responded with what he called a "Rule 26(a)(2)(B) Disclosure." The filing included a disclaimer that no witness had been "retained" or acquired expert knowledge for "the purpose of litigation"; instead, each had formed "expert opinions as to the cause of injury" in "the course of treating their patient." The disclosure was signed by Cedant's counsel, and was accompanied by a set of short letters prepared and signed by two of Cedant's doctors briefly outlining their opinions.

---

[1] Both sides agreed that Florida law required expert testimony to show that the crash caused his injuries.

When the government suggested in an email exchange that Cedant had not complied with all of Rule 26(a)(2)(B)'s requirements, he moved to extend the filing deadline because his treating physicians needed "additional time to complete their Rule 26(a)(2)(B) reports." The district court denied the motion, but Cedant still submitted an out-of-time "Amended Rule 26(a)(2)(B) Disclosure," which clarified that none of his expert witnesses maintained a list of their prior testimony.

The government moved for summary judgment, invoking Rule 37. That Rule bars, among other things, testimony from expert witnesses who failed to comply with their Rule 26 pretrial disclosure requirements unless that failure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). The government argued that Cedant's reports were untimely, and that because they did not comply with Rule 26(a)(2)(B) in any event, he had offered no evidence to prove that the crash caused his injuries. And without evidence of causation, the government said, he could not prove negligence. Cedant responded that he had submitted Rule 26(a)(2)(B) reports merely out of "an abundance of caution," and could not "be forced to file" any such report because his physicians were "non-retained experts" who treated him after the accident. He also moved for partial summary judgment on "liability."

Rather than granting summary judgment to either side, the district court instructed the parties to "suggest necessary alterations to the Court's scheduling order"—potentially giving Cedant another chance to submit timely reports. But after the

parties failed (for whatever reason) to offer any suggestion, the court issued a revised order with a new deadline for expert witness reports.

When the new due date arrived, Cedant submitted the same reports as before (with the same disclaimer about non-retained witnesses). He also filed separate Rule 26(a)(2)(C) disclosures for his experts "in the alternative." The government again moved for summary judgment, contending that the written reports remained inadequate under Rule 26(a)(2)(B) and that the alternative disclosures likewise failed to satisfy Rule 26(a)(2)(C)'s requirements. Cedant responded by claiming that he had submitted redundant disclosures "in an abundance of caution," and that his filings complied with all the disclosure requirements of Rule 26(a)(2)(C).

This time, the district court granted the government's motion for summary judgment. Both the "Court's orders and Florida law are clear," it said, that "to prove causation, prognosis, and/or future implications of the injury, the Plaintiff must satisfy Rule 26(a)(2)(B)'s requirements." The district court held that none of Cedant's filings satisfied those requirements, and conducted no analysis on whether they satisfied Rule 26(a)(2)(C). Based on its view that the reports were inadequate, the court excluded Cedant's experts under Rule 37(c)(1)—which left him with no admissible evidence that the accident caused his injuries. Cedant now appeals that decision, as well as the denial of his earlier summary judgment motion.

## II.

Our review of the district court's decision to grant summary judgment is de novo, as is our review of the district court's interpretation of the Federal Rules of Civil Procedure. *Peppers v. Cobb Cnty.*, 835 F.3d 1289, 1295 (11th Cir. 2016); *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1279 (11th Cir. 2000). Here, the district court's grant of summary judgment stands or falls with the propriety of excluding Cedant's experts under Rule 37(c)(1), a decision we review for abuse of discretion. *See Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004).

## III.

This appeal requires us to explain a few things before turning to the specifics of Cedant's case: the baseline requirements of Rule 26(a)(2); when those requirements apply by default; and how courts and parties can modify them.

The bottom line is that Rule 26(a)(2) provides default rules governing expert witnesses' pretrial disclosures. These rules place a greater burden on retained experts (who initially got involved in the suit to testify) than they do on non-retained experts (who have some independent connection to the facts underlying the suit). And they focus "exclusively on whether the expert was retained, not the nature of the activity that the expert engaged in to form conclusions" or the ultimate subject matter of the testimony. David H. Kaye et al., *The New Wigmore: Expert Evidence* § 4.2.2(b) (3d ed. 2021). But the defaults are just that—defaults. Rule 26(a)(2)

also offers discretion to those closest to the case—the district court and the parties—to adjust the default pretrial disclosures, requiring more or less information from expert witnesses.

## A.

Expert witnesses are distinct from fact or "lay" witnesses in several ways. To start, experts have fewer constraints on the scope of their testimony, including the power to opine on matters of scientific or technical concern based on otherwise inadmissible facts or data that they did not personally observe. *Compare* Fed. R. Evid. 701, *with* Fed. R. Evid. 702, *and* Fed. R. Evid. 703; *see also* Fed. R. Evid. 705.

Because they can offer such uniquely powerful opinion testimony—testimony that often cannot be rebutted without expert testimony from the other side—expert witnesses are subject to one of two disclosure requirements set out in Rule 26. A witness who is "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony" has significant pretrial disclosure requirements under Rule 26(a)(2)(B). Those include a thorough "written report" with six substantive parts,[2] unless "otherwise

---

[2] These components are detailed, covering everything from the opinions the expert will share to the compensation she will receive:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;

21-12661                Opinion of the Court                9

stipulated or ordered by the court." Fed. R. Civ. P. 26(a)(2)(B). For all other expert witnesses, only a less onerous, two-part[3] Rule 26(a)(2)(C) "disclosure" is required, again unless "otherwise stipulated or ordered by the court." Fed. R. Civ. P. 26(a)(2)(C).

The difference between written reports and disclosures is meaningful. For one, a Rule 26(a)(2)(B) written report must be "prepared and signed" by an expert, while a Rule 26(a)(2)(C) disclosure may be submitted by a party on behalf of its expert. *See* Fed. R. Civ. P. 26(a)(2)(B). And because written reports must include the "basis and reasons" for "all opinions" offered by the expert, plus the "facts or data considered by the witness," they are often sprawling compared to the short summary of opinions

---

(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi).

[3] These are:

(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C)(i)–(ii).

required in a Rule 26(a)(2)(C) disclosure. Fed. R. Civ. P. 26(a)(2)(B)(i)–(ii).

The two reports that the government submitted here—which no one disputes complied with Rule 26(a)(2)(B)—offer excellent examples of what it takes to fulfill these requirements. The government retained two professional experts whose primary job appears to be preparing reports and testifying. The first expert said that in a typical year he reviews 40–50 "medical legal matters," appears in about 25 depositions, and testifies at three to five trials. The second expert charged $800 per hour to review records, plus $1,100 to examine Cedant. Those numbers exclude the cost of actually drafting a written report or preparing any necessary exhibits. And both of the government's experts reviewed at least 25 documents amounting to over 2,154 pages. What's more, professional experts like these do not often work alone—instead, close cooperation between experts and attorneys is the norm. "Rarely will an expert report satisfy the Rule 26(a)(2)(B) standard unless counsel for the party retaining the expert was actively involved in its preparation." Don Zupanec, *Expert Report—Omission of Required Information—Supplementation*, 24 No. 3 Fed. Litigator 11 (2009).

Cedant's doctors—and their relationship with his counsel—are very different. The record reflects that Cedant's attorneys were not able to work closely with these experts, who had active medical practices treating patients. In fact, the attorneys struggled to even get a response—especially over the holiday season.

The district court had to decide whether Cedant's experts had the same disclosure requirements as the government's. On the one hand, the relationships between the experts and the parties who hired them were asymmetrical—the government's experts were primarily witnesses, while Cedant's experts were primarily treating physicians. But on the other, all of the experts were testifying on the same subject—causation. The question, though, is what matters under the Federal Rules.

**B.**

District courts in our Circuit have taken a range of approaches to categorizing expert witnesses under Rule 26(a)(2). Some have based their decisions on the Rule's discussion of retained versus non-retained witnesses. *See, e.g.*, *Torres v. Wal-Mart Stores E., L.P.*, 555 F. Supp. 3d 1276, 1290 (S.D. Fla. 2021). Others have imposed requirements based on the topic of an expert's testimony. *See, e.g.*, *Muzaffarr*, 2013 WL 3850848, at *1. In resolving this disagreement, we start with the text. First, the provision setting out the more-detailed requirements:

> *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—*if the witness is one retained or specially employed to provide expert testimony in the case* or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: [six detailed components].

Fed. R. Civ. P. 26(a)(2)(B) (emphasis added). Witnesses governed by Rule 26(a)(2)(B) are often called "retained experts" as a shorthand. *See, e.g.*, *Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011).[4]

Rule 26(a)(2)(C), in turn, is structured as a less arduous catch-all for witnesses who fall outside the scope of Rule 26(a)(2)(B):

> *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state: [two less-detailed components].

Fed. R. Civ. P. 26(a)(2)(C). So if an expert witness does *not* need to file a Rule 26(a)(2)(B) report, then a party *does* need to file a Rule 26(a)(2)(C) disclosure on her behalf. The shorthand for these witnesses is "non-retained."

The crucial textual inquiry, then, is what it means to be a retained witness. The bare text of Rule 26(a)(2)(B) seems to present two possibilities. Neither, we note, has anything to do with the content of the expert's testimony—both are focused on the relationship between the expert and the party. It could be that an expert is "retained" only if his connection to the litigation was,

---

[4] Our use of the term "retained expert" in no way diminishes the application of Rule 26(a)(2)(B) to a witness who is specially employed to provide expert testimony, or whose duties as the party's employee regularly involve giving expert testimony. "Retained expert" is merely a convenient shorthand.

from the beginning, as a paid expert witness. Alternatively, an expert could become "retained" as soon as a party starts paying her to be an expert witness—regardless of how she first became associated with the case.

We think the former is the best reading of the Rule. A party "retains" someone for a purpose, and that purpose is most naturally defined at the beginning of the relationship. So Rule 26(a)(2)(B) asks us to assess the initial reason the expert was hired. We look to when an expert was "retained" or "specially employed" by a party and evaluate whether that retention was "to provide expert testimony in the case" or for some other purpose. Fed. R. Civ. P. 26(a)(2)(B).

No one is arguing for the alternative, hyper-literalist approach—that any paid expert is necessarily a "retained" expert.[5] And for good reason. Reading "retained" to cover any witness paid

---

[5] Instead, the government cites *Goodman*, 644 F.3d at 826; *Brooks v. Union Pacific Railroad Co.*, 620 F.3d 896, 900 (8th Cir. 2010); and *Meyers v. National Railroad Passenger Corp. (Amtrak)*, 619 F.3d 729, 734–35 (7th Cir. 2010), to support its arguments that expert witnesses need to file written reports when testifying on causation. But both *Brooks* and *Meyers* were decided before Rule 26(a)(2)(C) became effective in December 2010. *See* Amendments to Federal Rules of Civil Procedure, 559 U.S. 1139 (2010); *Brooks*, 620 F.3d at 896, 899 n.3; *Meyers*, 619 F.3d at 729. As a result, neither case deals with the boundaries between Rule 26(a)(2)(B) and Rule 26(a)(2)(C). And rather than engage with the text, *Goodman* simply bases its holding on *Brooks* and *Meyers*. 644 F.3d at 825–26; *see also Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 871–72 (6th Cir. 2007) (rejecting a rule that causation witnesses must always file expert reports even before Rule 26(a)(2)(C) was adopted).

in exchange for expert testimony would render Rule 26(a)(2)(C) a virtual nullity, reserved for a hypothetical sliver of expert witnesses who agree to testify without pay. That interpretation of "retained" also wrongly focuses on a single term in isolation from the wider scheme of the Federal Rules. The better approach is to remember that "the meaning of a word depends on the circumstances in which it is used. To strip a word from its context is to strip that word of its meaning." *Biden v. Nebraska*, 143 S. Ct. 2355, 2378 (2023) (Barrett, J., concurring) (citation omitted).

Our textual reading—that an expert's status as a retained witness depends on the original purpose of his retention—is supported by the Rule's history. A study of Rule 26 over time reveals that the distinction between those experts initially hired to testify and those experts whose familiarity with the facts of a case is more organic extends back to the very first Federal Rule on pretrial expert disclosures.

The 1970 Advisory Committee—in response to the increasing number of cases in which "expert testimony [was] likely to be determinative"—enacted the first pretrial expert disclosure requirements in Rule 26(b)(4). 1970 Committee Notes on Rule 26(b)(4).[6] Though the new Rule's text discussed two categories of experts, it really set out three. *First*, for any witness that a party

---

[6] "Although not binding, the interpretations in the Advisory Committee Notes are nearly universally accorded great weight in interpreting federal rules." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) (quotation omitted).

"expect[ed] to call as an expert witness at trial," certain pretrial disclosures were required upon request from the opposing party. Fed. R. Civ. P. 26(b)(4)(A)(i) (1970).[7] *Second*, for an expert who was "retained or specially employed" by a party but was "not expected to be called as a witness," disclosures were not generally required. Fed. R. Civ. P. 26(b)(4)(B) (1970). *Finally*, the Committee Notes clarified that any expert "whose information was not acquired in preparation for trial but rather because he was an actor or viewer with respect to transactions or occurrences that are part of the subject matter of the lawsuit" should "be treated as an ordinary witness"—meaning that no pretrial disclosures were required. 1970 Committee Notes on Rule 26(b)(4). That last group of experts sounds a lot like the one we have identified in the text of the current Rule 26(a)(2)(C).

Over time, experience proved that even for experts who needed to file pretrial disclosures, the information disclosed under Rule 26(b)(4) was frequently "sketchy and vague." 1993 Committee Notes on Rule 26(a)(2). In 1993, the Advisory Committee broadened the scope of disclosure requirements by

---

[7] The 1970 Rule explained that a party could be asked to

> identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

Fed. R. Civ. P. 26(b)(4)(A)(i) (1970).

recommending the modern Rule 26(a)(2)(B).  Beyond expanding the specific requirements for a written report,[8] the 1993 amendment abandoned Rule 26(b)(4)'s unworkable distinction between experts that a party "expected" to testify or not.  Instead, the new Rule 26(a)(2)(B) applied to any expert "retained or specially employed to provide expert testimony in the case"— exactly like the current Rule.  Fed. R. Civ. P. 26(a)(2)(B) (1993).

Even while increasing the reporting requirements for some expert witnesses, the Advisory Committee emphasized that one group still had no pretrial disclosure duties: experts who were not "retained or specially employed to provide such [expert] testimony in the case."  1993 Committee Notes on Rule 26(a)(2).  The new Rule thus maintained the old distinction between retained and non-retained experts, and the Advisory Committee even included treating physicians as an example of experts who could be "deposed

---

[8] Like the modern Rule 26(a)(2)(B), the 1993 amendment approach required an expert to prepare and sign a written report.  And the content of that report was much closer to the current Rule than the 1970 approach:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B) (1993).

or called to testify at trial without any requirement for a written report." *Id.*; *see also, e.g.*, *Prieto*, 361 F.3d at 1319; *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011).

Equilibrium, however, was not yet reached. District courts often over-imposed the requirements of Rule 26(a)(2)(B), even when it was "straightforward" that a particular witness should not be compelled to file a more detailed report. *Fielden v. CSX Transp., Inc.*, 482 F.3d 866, 869–70 (6th Cir. 2007). Enter Rule 26(a)(2)(C), which was introduced in 2010. For the first time, the text of Rule 26 explicitly clarified that all non-retained witnesses were exempted by default from Rule 26(a)(2)(B)'s reporting requirements. But to compensate, the new Rule also added a more limited set of pretrial disclosure requirements for non-retained witnesses. *See* Fed. R. Civ. P. 26(a)(2)(C).

Here too the Committee's Notes support the "why-they-were-hired" distinction between retained and non-retained experts. Courts, the Committee said, "must take care against requiring undue detail" from Rule 26(a)(2)(C) witnesses, "keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." 2010 Committee Notes on Rule 26(a)(2)(C).

This history confirms our conclusion that neither category of expert witnesses defined in Rule 26(a)(2)—retained or non-retained—has to do with the subject of the expert testimony. Instead, the categories depend on when and why an expert witness

was hired.[9]  A retained expert witness typically will get involved in a case to provide expert testimony and will derive her knowledge of the case from preparation for trial.  A non-retained witness, on the other hand, will have at least some first-hand factual awareness of the subject matter of the suit.[10]

Treating physicians, the type of expert witnesses involved here, are first hired by their patients to treat rather than to testify. But make no mistake—Rule 26(a)(2)(C) is not limited to treating physicians.  The expert's job title, the subject or scope of his testimony, and the way that he formed his opinions are irrelevant inquiries for Rule 26(a)(2) purposes.  The *only* question presented

---

[9] This is true at least in the "retained" and "specially employed" contexts.  Fed. R. Civ. P. 26(a)(2)(B).  An expert witness "whose duties as the party's employee regularly involve giving expert testimony" may have been hired for some other purpose initially, but had his duties evolve into regularly providing such testimony.  *Id.*  An example may be a scientist or engineer hired by a company to develop new products, who transitions over time into an expert witness routinely providing evidence when the company is sued.

[10] For this reason, non-retained witnesses are sometimes called "hybrid" witnesses, but the term is not used consistently.  *Compare Goodman*, 644 F.3d at 826, *with Downey*, 633 F.3d at 7.  *Wigmore*, for instance, identifies several distinct types of so-called hybrid witnesses—and a tendency for courts to conflate them.  *See The New Wigmore* § 4.2.2(b).  While we used that term once before the 2010 amendments creating Rule 26(a)(2)(C), *see Prieto*, 361 F.3d at 1318 n.7, we now think designating these experts as "non-retained expert witnesses" better reflects the current text of Rule 26.

21-12661                Opinion of the Court                19

by the Rule's text is whether the witness was retained as an expert or otherwise employed as described in Rule 26(a)(2)(B).[11]

## C.

As we have said, though, these default rules are not the end of the story. The text of Rule 26(a)(2) offers flexibility to adjust the initial rules for each category of experts: subsections (B) and (C) each contain a caveat that reports and disclosures must include the specified components *"[u]nless otherwise stipulated or ordered by the court."* Fed. R. Civ. P. 26(a)(2)(B)–(C) (emphasis added). So the Rule explicitly empowers district courts (through orders or local rules) and parties (through written stipulations) to modify the usual disclosure requirements. *Accord* 1993 Committee Notes on Rule 26(a)(2). This allows for adjustments to the default rules as the circumstances of a case demand.

---

[11] The First and Ninth Circuits are in some tension on this point, with the Ninth holding that Rule 26(a)(2)(C) applies only to the extent that a non-retained witness forms expert opinions during the course of treatment. *See Goodman*, 644 F.3d at 826. We agree with the First Circuit's conclusion rejecting that approach as atextual and concluding that non-retained witnesses incur no additional disclosure requirements by supplementing their firsthand knowledge with information supplied by others. *See Downey*, 633 F.3d at 7 & n.3. Considering other data besides personal knowledge does not change the relationship between a party and its witness. And the Federal Rules of Evidence allow opinion testimony based on facts or data that "the expert has been made aware of or personally observed." Fed. R. Evid. 703. A non-retained expert is no less of an "expert" for Rule 703 purposes just because he filed a different pretrial disclosure than a retained expert. *Cf. Downey*, 633 F.3d at 7; David H. Kaye et al., *The New Wigmore: Expert Evidence* § 4.2.2(b) n.73.1 (2023 Cumulative Supp.).

Parties or courts thus may adjust the Rule 26(a)(2) defaults to require either more or less information, from either retained witnesses or non-retained witnesses.[12]   Indeed, as the number of parties and the extent of disclosures required by Rule 26(a)(2) expanded, so did the discretion available to district courts to modify those requirements.  *Compare* Fed. R. Civ. P. 26(b)(4)(A)(ii) (1970), *with* Fed. R. Civ. P. 26(a)(2)(B)–(C) (2010).   In 1970, discretion under Rule 26(b)(4) was limited and only went in one direction— more disclosures.  *See* Fed. R. Civ. P. 26(b)(4)(A)(ii) (1970).   But now, the Rule's text contains no distinction between adding or subtracting disclosure requirements.   That expanded discretion reflects that the district court managing the case is generally in the best position to know what level of disclosure is appropriate for a given expert in a particular lawsuit.

## IV.

With this understanding of Rule 26, Cedant's case is easily resolved.  Rather than anchor its approach to the text of the Federal Rules, the district court believed that caselaw required treating physicians to submit Rule 26(a)(2)(B) reports when testifying on causation.   *See Muzaffarr*, 2013 WL 3850848, at *1.   But that

---

[12] In addition to the discretion provided under Rules 26(a)(2)(B) and (a)(2)(C), Rule 26(e) gives courts the power to order parties to supplement their expert's disclosures or written reports. Fed. R. Civ. P. 26(e)(1)(B).  Parties may move for the court to issue such orders to their counterparties.  *See, e.g.*, *Griffith v. Gen. Motors Corp.*, 303 F.3d 1276, 1282–83 (11th Cir. 2002).  Additionally, parties have a duty to supplement their disclosures with "additional or corrective information" in certain circumstances. Fed. R. Civ. P. 26(e)(1)(A).

approach is divorced entirely from the text of Rule 26(a)(2)—which *Muzaffarr* did not engage with at all.[13]

To be sure, this was not the first time a court adopted a content-based approach to Rule 26. *See, e.g.*, *Goodman*, 644 F.3d at 825–26. But while various motives for such purpose-based readings can be presumed, none can overcome the text and history of Rule 26(a)(2). And again, the default rules set out in the text can be adjusted if appropriate, whether by local rules, court orders, or the parties' stipulations. But that's not what happened here. Rather than exercise its discretion to require more disclosures from Cedant's experts than the default rules do, the district court set out a blanket policy that it said was mandated by Rule 26(a)(2).

That holding was wrong. Cedant was correct in arguing that his experts were non-retained witnesses under Rule 26(a)(2); before he filed suit, he had a doctor-patient relationship with each one as they worked to treat his injuries. Cedant was also right that such non-retained experts generally are not required to file a Rule 26(a)(2)(B) report simply because they are testifying on a specific

---

[13] Instead, *Muzaffarr* attempts to justify its rule by citing *Williams v. Mast Biosurgery USA, Inc.*, which noted that the testimony of treating physicians can "purport to provide explanations of scientific and technical information not grounded in their own observations," and that it should be treated as expert rather than lay testimony when it does so. 644 F.3d 1312, 1317 (11th Cir. 2011). But just because such physicians should be treated as experts does not mean they must be treated as *retained* experts. Indeed, in *Williams*, the treating physicians did not fully comply with Rule 26(a)(2)(B), and we noted that they were nevertheless admitted. *Id.* at 1315 n.1.

subject, such as causation.  By default, non-retained witnesses like these only need to file Rule 26(a)(2)(C) disclosures.  *Muzaffarr* and cases like it that assert otherwise are wrong on this point.  *See Muzaffarr*, 2013 WL 3850848, at *1.[14]

When the district court wrongly believed Cedant's experts were required by law to submit full Rule 26(a)(2)(B) reports, it applied an incorrect legal standard.  Excluding those witnesses under Rule 37 for their failure to file written reports was thus an abuse of discretion.  *See Frazier*, 387 F.3d at 1259.  Because that Rule 37 exclusion was the sole basis for the summary judgment order, we vacate it.

But we affirm the district court's earlier decision to deny Cedant's motion for partial summary judgment on "liability."  To show liability here, Cedant needed to prove all the elements of negligence under Florida law: duty, breach, causation, and harm.[15] Until the district court decides whether Cedant has any admissible

---

[14] *See also, e.g.*, *Brown v. Best Foods, a Div. of CPC Int'l, Inc.*, 169 F.R.D. 385, 388 (N.D. Ala. 1996) ("Rule 26 focuses not on the status of the witness, but rather the substance of the testimony." (quotation omitted)); *Singletary v. Stops, Inc.*, No. 6:09-cv-1763-Orl-19KRS, 2010 WL 3517039, at *8 (M.D. Fla. Sept. 7, 2010); *In re Denture Cream Prods. Liab. Litig.*, No. 09-2051-MD, 2012 WL 5199597, at *4 (S.D. Fla. Oct. 22, 2012); *Kondragunta v. Ace Doran Hauling & Rigging Co.*, No. 1:11-cv-01094-JEC, 2013 WL 1189493, at *12 (N.D. Ga. Mar. 21, 2013).

[15] A motion for summary judgment on liability can be "partial" as parties could, for example, still go to trial over the amount of damages owed.  *See, e.g.*, *Gen. Television Arts, Inc. v. S. Ry. Co.*, 725 F.2d 1327, 1329–30 (11th Cir. 1984).

causation evidence, summary judgment on his behalf is impossible. And Cedant's argument that the motion sought summary judgment only on breach and duty is belied by the motion itself, which purports to prove "the negligence and culpability of" the government's driver in "causing the Plaintiff's injuries."

⋆    ⋆    ⋆

No rule requires any non-retained expert witness to file a written report under Rule 26(a)(2)(B). And whether a doctor is retained (or not) depends on whether she was hired to testify or to treat. But district courts retain the discretionary power to tailor disclosure requirements. Because the district court here misunderstood that its power to require detailed submissions from Cedant's witnesses was discretionary, we **VACATE** the district court's grant of summary judgment for the government. We **REMAND** this case to the district court for further proceedings consistent with this opinion. On remand, the district court should address whether Cedant's disclosures complied with Rule 26(a)(2)(C), or it should issue a new scheduling order invoking its discretionary authority to adjust the default requirements of Rule 26(a)(2). We **AFFIRM** the denial of Cedant's motion for summary judgment.