[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 23-11791

————————————————

TANIA MARIA LOPEZ,

Plaintiff-Appellant,

*versus*

COSTCO WHOLESALE CORP.,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cv-21670-JEM

————————————————

Before JILL PRYOR, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Tania Lopez slipped and fell on mashed grapes on the floor at a store. Afterward, she experienced back and knee pain. She sued Costco Wholesale Corp. for negligence and won a jury verdict. But Costco successfully moved for judgment as a matter of law ("JMOL"). The district court ruled for Costco because Lopez's only proof that the fall caused her injuries was the testimony of her treating physician, who had not filed a written expert report under Federal Rule of Civil Procedure 26(a)(2)(B). Upon excluding that testimony, the district court concluded that Lopez had failed to prove that the fall caused her injuries.

Lopez appeals, contending that her physician was not required to file a Rule 26(a)(2)(B) report. While this appeal was pending, this Court published *Cedant v. United States*, 75 F.4th 1314 (11th Cir. 2023). In *Cedant*, we clarified that Rule 26(a)(2) does not require treating physicians to submit written expert reports.

After careful consideration, and with the benefit of oral argument, we reverse the district court's order granting Costco JMOL because its decision was based on the application of an erroneous legal standard. Under Rule 26(a)(2), Lopez's treating physician was not required to file a written expert report. We remand the case to the district court so that it may rule on Costco's alternative Rule 59 motion for a new trial.

## I. BACKGROUND

Tania Lopez slipped while shopping at Costco. After she fell, she looked around and noticed that there were dirty, mashed

grapes on the floor. She experienced back and knee pain immediately after the incident.

As the pain worsened, Lopez sought medical treatment. At first, she saw a physical therapist. Eventually, she was sent to have a magnetic resonance imaging ("MRI") test performed and was referred to a spine clinic, where she saw neurosurgeon Santiago Figuereo. Figuereo asked Lopez about her symptoms, performed a physical examination, and reviewed her MRI reports. He diagnosed her with herniated discs in her spine and presented her with treatment options. She chose one of the options, nerve-numbing injections, which he performed.

Lopez sued Costco for negligence under Florida law. During discovery, Lopez disclosed that she had not retained any expert witness but intended to call Figuereo, her treating physician, to testify at trial. She reported that Figuereo would testify about her past medical care and treatment, current condition, and future medical care. Figuereo also would testify about the cause of her injuries.

The case proceeded to trial. At trial, Lopez argued to the jury that Costco was liable for her injuries because it failed to maintain its common areas in a safe and proper condition and because it failed to warn her of a dangerous condition. She testified about falling at the Costco and then seeing the mashed grapes on the ground. She also introduced into evidence photographs of the floor after she fell.

Figuereo also testified for Lopez at the trial. He told the jury about her appointments with him, her descriptions of her pain, the

injuries he observed through his physical examination of her and his review of the MRI reports, and the injection treatments he gave her. He reported that the injection treatment lessened Lopez's pain but that she would need future injection treatments.

During Figuereo's direct examination, Lopez's counsel asked him whether it is necessary to determine the cause of a patient's injury to treat that patient. He answered that ascertaining whether a patient's pain is caused by trauma, and by recent trauma specifically, helps in planning treatment because the procedures used to treat pain arising from such trauma "will be completely different" from the procedures used to treat pain arising from, for example, age-related changes. Doc. 61 at 43.[1] Lopez's counsel then asked whether Figuereo had "an opinion as to the cause" of Lopez's injuries. *Id.* at 44. Figuereo testified that, based on the medical information available to him and the fact that the symptoms started immediately after the trauma, the injuries were likely caused by the fall at Costco.

Costco's attorney objected that this testimony on causation went beyond Figuereo's expertise. In considering the objection, the district court said that the "key" question was whether Figuereo had turned in an expert report under Rule 26(a)(2)(B). *Id.* at 53. Because Figuereo was only disclosed as a witness under Rule 26(a)(2)(C) and had not submitted a Rule 26(a)(2)(B) report,

---

[1] "Doc." numbers refer to the district court's docket entries.

the court sustained Costco's objection, ruling that Figuereo could not testify about the cause of Lopez's injuries.

Although Costco's objection had been sustained, it never moved to strike from the record Figuereo's initial answer to the causation question. Nor did the district court ever give the jury an instruction to disregard the testimony.

Both after Lopez presented her case and just before the case went to the jury, Costco moved for a directed verdict under Rule 50(a).[2] Costco sought judgment on liability, causation, and damages. Both times, the district court reserved ruling on Costco's motion, allowing the case to go to the jury without foreclosing a potential post-verdict JMOL motion under Rule 50(b). *See Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 405–06 (2006) (describing the "accepted practice" of reserving ruling on a Rule 50(a) motion).

After the jury returned a verdict for Lopez, awarding her $155,000, Costco renewed its motion for JMOL under Rule 50(b). Among other arguments, Costco contended that because the court "found [Lopez's] disclosure to be insufficient pursuant to Federal

---

[2] We treat a motion "for a directed verdict" as equivalent to the present-day motion for "judgment as a matter of law" for purposes of Rule 50(a). *McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1265–66, 1265 n.1 (11th Cir. 2016) (Julie Carnes, J., concurring in part and dissenting in part). Similarly, we treat a motion for "judgment notwithstanding the verdict" as equivalent to the present-day "renewed motion for judgment as a matter of law" for purposes of Rule 50(b). *Id.*

Rule of Civil Procedure 26 and precluded Dr. Figuereo from testifying on causation," Lopez had "failed to present the jury with any expert testimony as to causation." Doc. 63 at 7 (emphasis omitted). Together with its renewed motion for JMOL, Costco moved in the alternative for a new trial or remittitur. It argued that the court should grant a new trial for the same reasons that it sought a JMOL—Lopez had failed to present any evidence of causation. Costco added other grounds in supporting its motion for a new trial or remittitur: that Lopez's attorney had made improper comments during closing argument, that there had been juror misconduct, and that the verdict was contrary to the manifest weight of the evidence.

The district court agreed that Costco was entitled to JMOL. Without Figuereo's testimony on causation, which was "inadmissible and legally insufficient" because he had not prepared a Rule 26(a)(2)(B) report, the court concluded that Lopez had no evidence of causation. Doc. 74 at 9. The court thus granted JMOL in Costco's favor and "denied as moot" all other aspects of the motion and the alternative motion for a new trial or remittitur. *Id.*

Lopez appeals the district court's grant of JMOL, arguing that the district court erred in excluding Figuereo's causation testimony. She seeks reversal of the district court's order granting JMOL and reinstatement of the jury's verdict in her favor. Costco, by contrast, seeks affirmance or, in the event of reversal of the order granting JMOL, remand to the district court to rule on the alternative motion for a new trial or remittitur.

## II. STANDARDS OF REVIEW

We review *de novo* a district court's grant of JMOL under Rule 50. *Collado v. United Parcel Serv., Co.*, 419 F.3d 1143, 1149 (11th Cir. 2005). "[JMOL] for the defendant is due when there is insufficient evidence to prove an element of the claim, which means that no jury reasonably could have reached a verdict for the plaintiff on that claim." *Id.* Like the district court, we review a motion for JMOL considering the facts in the light most favorable to the non-moving party. *Id.*

We review a trial court's rulings on the admission of expert testimony for abuse of discretion. *Cook ex rel. Est. of Tessier v. Sheriff of Monroe Cnty.*, 402 F.3d 1092, 1103 (11th Cir. 2005). Under an abuse-of-discretion standard, we must affirm unless we conclude the district court has made a clear error of judgment or applied the wrong legal standard. *Id.* at 1104.

## III. DISCUSSION

This appeal primarily concerns the district court's conclusion that Rule 26 required Figuereo to file a written expert report to testify on causation. Lopez relies on our decision in *Cedant*, in which we explained that Rule 26 has no such requirement for a treating physician's testimony. Costco argues that, *Cedant* notwithstanding, the district court properly excluded Figuereo's testimony. Applying *Cedant*, we conclude that Rule 26 did not require Figuereo to file a written expert report.

Our conclusion leads us to a second issue: whether to reinstate the jury's verdict for Lopez or instead remand to the district

court to rule on Costco's alternative motion for a new trial. Lopez argues that we may reinstate the verdict; Costco argues that we must remand. We conclude that we must remand because Costco never abandoned its alternative motion, and the district court did not rule on it.

We address each of these issues in turn.[3]

---

[3] Costco asserts that we can sidestep deciding the expert-testimony issues because we can affirm the district court's order granting JMOL on the alternative grounds that (1) Lopez failed to prove that Costco had constructive or actual knowledge of the dangerous condition or (2) the dangerous condition created by the grapes was open and obvious.

As to knowledge, we cannot say that "no jury reasonably could have reached a verdict for the plaintiff." *Collado*, 419 F.3d at 1149. Based on the photographs and Lopez's testimony that after falling she noticed dirty mashed grapes on the floor, a reasonable jury could have concluded that the grapes were there sufficiently long for Costo to have constructive knowledge of the dangerous condition. *See Sutton v. Wal-Mart Stores E., LP*, 64 F.4th 1166, 1170–71 (11th Cir. 2023) (concluding that there was sufficient evidence to create a jury issue on constructive notice when customer testified that after falling she saw a dirty grape on the floor with track marks going through it).

As to whether the dangerous condition was open and obvious, we cannot say that this issue provides an alternative ground for affirming. As Costco concedes, its contention that the danger was open and obvious is relevant only to Lopez's duty-to-warn claim. A property owner has a separate duty to maintain its "premises in a reasonably safe condition" and can be held liable under that duty even when a danger is open and obvious. *De Cruz-Haymer v. Festival Food Mkt., Inc.*, 117 So. 3d 885, 888–89 (Fla. Dist. Ct. App. 2013) (citation modified). Here, Lopez asserted that Costo was liable both because it failed to warn her and because it failed to maintain the premises. Thus, Costco's argument that the danger was open and obvious cannot support granting JMOL on the

### A.    The District Court Erred in Interpreting Rule 26 to Require that Testifying Treating Physicians File Written Reports.

Our first inquiry concerns whether it was error for the district court to have excluded Figuereo's expert causation testimony—including the unstricken snippet—based on the failure to produce a Rule 26(a)(2)(B) report. We conclude that the district court erred.

We begin by reviewing when a party must provide an expert report. Rule 26(a)(2)(B) addresses expert witnesses who are "retained or specially employed to provide expert testimony in the case" or "whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). These witnesses must prepare a written report that includes, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them," "a list of all publications [the witness] authored in the previous 10 years," and "a statement of the compensation to be paid" for the witness's testimony in the case. *Id.* By contrast, Rule 26(a)(2)(C) requires no written report. Under subsection (C), for expert witnesses not falling into the

---

failure-to-maintain claim. And even on the failure-to-warn claim, there was a disputed issue of fact as to whether the presence of the mashed grapes *was* open and obvious. A reasonable jury could have found that the hazard was not open and obvious because the grapes did "not fall within the line of vision" of shoppers who entered the store "to purchase items placed on counters and shelves.*" Moultrie v. Consol. Store Int'l Corp.*, 764 So. 2d 637, 639 (Fla. Dist. Ct. App. 2000).

"retained," "specially employed," or "employee" buckets, a party must include in its disclosures only a summary of the subject matter, facts, and opinions on which the witness is expected to present evidence. *See id.* (a)(2)(C).

Our decision in *Cedant* explains how Rule 26 applies to opinions from treating physicians, and it fully controls our inquiry into the admissibility of Figuereo's testimony here. *See* 75 F.4th at 1317. In *Cedant*, we held that there is no categorical requirement for treating physicians to provide Rule 26(a)(2)(B) written reports. *Id.* After an auto accident, the plaintiff, Cedant, sought damages for "post-crash medical expenses" incurred to treat non-visible injuries. *Id.* at 1317–18. The case hinged on causation, with the defendant, the United States, insisting that Cedant's medical problems predated the accident. *Id.* at 1318. To prove causation, Cedant sought to rely on expert testimony from his treating physicians, whom he characterized as "non-retained experts." *Id.* The government moved for summary judgment, arguing that because the treating physicians had not provided reports that contained all the information required by Rule 26(a)(2)(B), Cedant "had offered no [admissible] evidence to prove" causation. *Id.*

We reversed the district court's grant of summary judgment to the government. *Id.* at 1326. Based on the unambiguous text of Rule 26(a)(2), we explained that to determine whether an expert must provide a report, "what matters is when and why an expert witness came to the case, not the content of his testimony." *Id.* at 1317. We noted that only experts who are "retained or specially

employed to provide expert testimony" must prepare Rule 26(a)(2)(B) reports, while other experts must provide only a Rule 26(a)(2)(C) disclosure. *Id.* (citation modified). Because "Cedant's doctors were initially hired to treat him rather than to testify, he only needed to file the less burdensome disclosures." *Id.* We acknowledged that a district court retained discretion to require a Rule 26(a)(2)(C) expert to provide *additional* disclosures. *Id.* But we concluded that it was reversible error for the district court to interpret Rule 26(a)(2)(B) as *requiring* treating physicians to provide written reports. *Id.* at 1325–26.

Here, the district court's decisions to exclude Figuereo's testimony and to grant JMOL rested entirely on the fact that Figuereo did not supply a Rule 26(a)(2)(B) report. When Costco objected at trial immediately after Figuereo stated his initial opinion as to causation, the district court prohibited him from opining any further because he had not provided a written expert report pursuant to Rule 26(a)(2)(B). Later, in its JMOL order, the district court took the same step as the district court in *Cedant* did, tying the purported Rule 26 violation to a failure to establish causation. The district court concluded that "because [Lopez] failed to present the jury with any expert testimony as to causation, [Costco] is entitled to [j]udgment as a matter of law."[4] Doc. 74 at 6 (citation modified).

---

[4] At trial, Figuereo gave an initial opinion on causation before Costco objected. But after the district court sustained Costco's objection, Costco never moved to strike Figuereo's initial causation opinion, and the district court never

This was not a case where the district court *exercised its discretion* to require a written report; just as in *Cedant*, the district court here *interpreted Rule 26 to require* that treating physicians file written reports. But Figuereo did not have to file a written report because, like the doctors in *Cedant*, he was "initially hired to treat . . . rather than to testify." *Cedant*, 75 F.4th at 1317. Because the district court applied the wrong legal standard, it abused its discretion in excluding Figuereo's testimony.

Costco resists our conclusion, arguing first, that *Cedant* should not be applied retroactively to the district court's decision, which was issued before we decided *Cedant*, and second, that we may affirm on other grounds—namely, that Figuereo's testimony was unreliable anyway. We find these arguments meritless.

---

struck it. Only later, in its JMOL order, did the court functionally *exclude* Figuereo's causation testimony by concluding that the causation testimony was "inadmissible and legally insufficient." Doc. 74 at 9. Lopez argues that "it was error for the district court to essentially strike [Figuereo's initial causation opinion] well after the fact." Appellant's Br. 17.

The United States Supreme Court has concluded that an appellate court may excise inadmissible evidence when deciding whether a party is entitled to JMOL. *See Weisgram v. Marley Co.*, 528 U.S. 440, 453–54 (2000) (rejecting notion that courts "confronting questions of [JMOL] should rule on the record as it went to the jury, without excising [inadmissible] evidence"). We need not decide whether, consistent with *Weisgram*, the district court itself could excise Figuereo's causation testimony because we conclude that the district court erred in deeming the testimony inadmissible under its interpretation of Rule 26.

23-11791                Opinion of the Court                13

Regarding retroactivity, we have explained that our "[j]udicial decisions presumptively apply retroactively to all pending cases." *Foster v. Bd. of Sch. Comm'rs*, 872 F.2d 1563, 1566 (11th Cir. 1989). We have recognized a narrow exception wherein a decision should not apply retroactively if: (1) it "overrul[ed] clear past precedent or . . . decid[ed] an issue of first impression, the resolution of which was not clearly foreshadowed; and (2) applying the old rule would "not contravene the purpose and operation of the provision being interpreted"; and (3) "application of the new rule in the instant case would be inequitable." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1282 (11th Cir. 2001) (citation modified). But conditions one and three are not satisfied here. There was no "clear past precedent" for *Cedant* to overrule. *See Cedant*, 75 F.4th at 1321 (remarking that district courts in the Eleventh Circuit had "taken a range of approaches to categorizing expert witnesses under Rule 26(a)(2)"). Nor would application of *Cedant's* rule be inequitable. In fact, *not* applying the new rule would be inequitable in precluding valuable testimony from a treating physician for whom Lopez provided disclosures that complied with Rule 26(a)(2)(C).

As to affirmation on other grounds, Costco failed to raise any issue regarding the reliability of Figuereo's testimony before or during trial. The district court's deadline to file a motion under *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), came and went. Likewise, the sidebar that occurred when Costco objected to Dr. Figuereo's causation testimony came and went without any invocation by Costco of *Daubert*. And Costco's arguments on appeal about the district court's later reference to *Daubert* in its

JMOL order are unavailing. The JMOL order's only reference to reliability was made not to conclude that Figuereo's opinions failed to satisfy *Daubert*'s requirements, but rather to state that proper causation testimony requires an expert witness. Thus, we will not consider this issue for the first time on appeal.

## B.    Under Rule 50(c)(1), the Proper Course Is to Remand for the District Court to Rule on Costco's Motion for a New Trial.

Having concluded that the district court committed reversible error in excluding Figuereo's testimony, we turn to the parties' second dispute: how to proceed from here. Lopez seeks remand for reinstatement of the jury's verdict. By contrast, Costco points out that it moved in the alternative for a new trial and contends that we should remand with instructions for the district court to address the motion.

Under Rule 50(c)(1), when a district court grants a renewed motion for JMOL, it "must also conditionally rule on any motion for a new trial by determining whether a new trial should be granted if the judgment is later vacated or reversed." Fed. R. Civ. P. 50(c)(1). The district court also must "state the grounds for conditionally granting or denying the motion for a new trial." *Id.*

That did not happen here. When the district court granted JMOL, it stated that because the JMOL issue "is dispositive, this Court need not consider [Costco]'s remaining arguments; therefore, the Motion is due to be denied as moot in all other respects." Doc. 74 at 9. The district court erred when it concluded that it need

not address the merits of Costco's motion for a new trial and could simply deny the motion as moot. Indeed, its reasoning—that it did not need to "consider" the motion for a new trial *because* the JMOL issue was "dispositive"—directly conflicted with Rule 50(c)(1)'s text, which contemplates a path forward if the potentially-reversible JMOL issue is, in fact, reversed. *Id.*

Fortunately, we have addressed how to proceed following reversal of JMOL in the absence of a conditional ruling on the motion for a new trial. The default path is to remand for the district court to rule on the motion. *See McGinnis v. Am. Home Mortg. Servicing, Inc.*, 817 F.3d 1241, 1264 (11th Cir. 2016); *Chaney v. City of Orlando*, 483 F.3d 1221, 1229 (11th Cir. 2007). That is the appropriate path here as well.

It is true that in some cases we have decided the new trial issue rather than remanding to the district court to do so. For example, in *Edwards v. Board of Regents of University of Georgia*, after an employee sued his employer for discrimination and retaliation, a jury returned a general verdict finding for the employee and awarding him damages. 2 F.3d 382, 383 (11th Cir. 1993). After the trial, the district court granted the employer judgment notwithstanding the verdict ("JNOV"), concluding there was insufficient evidence of discrimination to support the verdict. *Id.* On appeal, we vacated the district court's judgment in favor of the employer. *Id.* at 384. We acknowledged that the defendant had also filed a motion for a new trial in the district court and that the district court, despite Rule 50(c)(1), failed to rule on the motion for a new trial when it

granted the motion for JNOV. *Id.* at 384 n.6. But we deemed abandoned the motion for a new trial because the employer *both*: (1) "failed to pursue its motion for a new trial after the grant of" JNOV, *and* (2) "failed to argue for a ruling on that motion on . . . appeal." *Id.*

Later, in *Christopher v. Florida*, we returned to the new trial issue. 449 F.3d 1360, 1364–68 (11th Cir. 2006). In that case, the district court granted a new trial to one codefendant and granted JMOL to a second, identically situated codefendant without conditionally ruling on his new trial motion. *Id.* at 1365. After looking to *Edwards*, we explained that we had not previously decided "the proper course" when a "party does not press the issue with the district court that failed to make a conditional ruling," but does preserve the issue on appeal—in other words, when the circumstances align as to prong (1) of *Edwards*, but not prong (2). *Id.* at 1365 n.3. We noted that the circuits were split on the issue. *Id.* We did not resolve this newly identified scenario in *Christopher*, however, because we were guided instead by the case's unique procedural quirk: Because the district court had granted a new trial to an identically situated codefendant, we could predict how it would have ruled on remand and thus simply granted a new trial ourselves. *Id.*

But in *McGinnis* we addressed the same issue that is before us today. In that case, a property owner sued the servicer of her loans and recovered a substantial verdict at trial. *See* 817 F.3d at 1246. After the trial, the loan servicer moved for JMOL as well as a new trial. *Id.* at 1250. The district court granted JMOL but declined

to rule conditionally on the new trial motion, and the loan servicer neglected to press the district court any further. *Id.* The property owner appealed, and we concluded that the district court erred in granting JMOL. *Id.* at 1264. The loan servicer urged us to remand the case to the district court so that it could rule on the motion for a new trial.[5] *Id.* We concluded that the district court erred in declining to rule on the motion for new trial and determined that the case should be remanded for the district court to rule on the motion. *Id.*; *see Chaney*, 483 F.3d at 1229 ("[Rule 50(c)(1)] obligates the court to rule on a motion for a new trial when issuing its [JMOL] ruling . . . . Here, the district court failed to do so. Thus we also remand this case to permit the district court to properly consider [it] . . . .").

In this case, because the district court "has not yet ruled on the motion," Costco asks for remand—just as the loan servicer did in *McGinnis*. Appellee's Br. 31. And Costco raised at least a few other non-conclusory arguments on issues that the district court has not yet considered, including whether it was entitled to a new trial because there was juror misconduct and an improper closing argument. This case thus warrants remand for the district court to rule on Costco's motion for a new trial. Upon remand, the district

---

[5] *McGinnis* did not explicitly discuss *Christopher*, but *McGinnis*'s circumstances are the same ones the *Christopher* court had identified as novel before choosing instead to base its ruling on the existence of an identically situated codefendant. *See Christopher*, 449 F.3d at 1365 n.3.

court should also rule on Costco's request for remittitur in which it asks the court to reduce the amount awarded to Lopez.[6]

### IV. CONCLUSION

For the above reasons, we reverse the district court's grant of JMOL to Costco. We remand to the district court for consideration of Defendant's Renewed Motion for New Trial, or Alternatively, Motion for Remittitur.

**REVERSED AND REMANDED.**

---

[6] We express no opinion on the merits of the motion for a new trial or any of the other issues Costco has raised. We leave these decisions to the district court on remand.